## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TODO SZEWCZYK <br> 15 West Street <br> Parkesburg, PA 19365 <br><br> – and – <br><br> JUAN DONES-CRUZ <br> 4345 Elizabeth Street <br> Philadelphia, PA 19124 <br><br> – and – <br><br> KIMBERLY RUCKER <br> 5290 Marlboro Pike, Apt. 402 <br> Capitol Heights, MD 20743 <br><br> On behalf of themselves and all others <br> similarly situated, <br><br> Plaintiffs <br><br> vs. <br><br> UNITED PARCEL SERVICE, INC. <br> 55 Glenlake Parkway NE <br> Atlanta, Georgia 30328 <br><br> Defendant | Civil Action No. <br><br> CLASS/COLLECTIVE ACTION COMPLAINT <br><br> JURY TRIAL DEMANDED |

Plaintiffs, Todd A. Szewczyk ("Szewczyk"), Juan Dones-Cruz ("Dones-Cruz"), and Kimberly Rucker ("Rucker") (collectively, "Plaintiffs"), on behalf of themselves and all others similarly situated, file this Class and Collective Action Complaint against Defendant, United Parcel Service, Inc. ("UPS") and allege, upon personal knowledge as to Plaintiffs' conduct and upon information and belief as to the conduct of others, as follows:

## NATURE OF THE ACTION

1.      Plaintiffs bring this class and collective action against UPS to recover unpaid wages and overtime compensation pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.,* the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. §260.1 *et seq.,* and the Pennsylvania Minimum Wage Act ("PMWA").

2.      Defendant has willfully and deliberately failed to pay its delivery drivers and driver helpers – individuals who assist drivers in the delivery of packages – overtime compensation for all hours worked beyond forty (40) in a work week, in violation of the FLSA.

3.      In addition, Defendant has willfully and deliberately failed to pay its delivery drivers and driver helpers employed in Pennsylvania: (i) overtime compensation for all hours worked beyond forty (40) in a work week; and (ii) unpaid wages at the prevailing rate for all hours worked below forty (40) in a work week, in violation of the WPCL and PMWA.

4.      Plaintiffs allege that they and Defendant's delivery drivers and driver helpers worked "off-the-clock" (*i.e.*, they worked hours for which they were not paid) in order to pick-up, transfer and deliver their assigned packages and meet Defendant's pre-determined delivery and payroll goals.  As a result of these common practices, delivery drivers and driver helpers, including Plaintiffs, were not paid for all hours worked, including during lunch breaks when they continued to work and deliver packages.

5.      Plaintiffs bring this case as a collective action pursuant to 29 U.S.C. §216(b) on behalf of themselves and all similarly-situated delivery drivers and driver helpers who worked for Defendant throughout the United States, except California, and who opt-in to this action to recover their unpaid overtime compensation in accordance with the FLSA.

6.      Plaintiffs Szewczyk and Dones-Cruz also bring this case as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of themselves and all similarly-situated delivery

drivers and driver helpers employed by Defendant in Pennsylvania and who do not opt-out of this action to recover their unpaid wages and overtime compensation in accordance with the WPCL and PMWA.

## **PARTIES**

*Plaintiff Todd Szewczyk*

7.     Plaintiff Todd A. Szewczyk is an adult individual who is currently, and at all relevant times was, a resident of Parkesburg, Pennsylvania.  Plaintiff Szewczyk was employed by UPS at its facility located at 1200 Ward Avenue, West Chester, Pennsylvania from approximately July 2017 until August 17, 2018.

8.     With the exception of a small period between approximately February and March 2018, throughout his employment with Defendant Plaintiff Szewczyk was a driver of a brown delivery truck performing pick-ups, transfers and deliveries of packages in Pennsylvania.

9.     As detailed below, pursuant to Defendant's policy, pattern or practice, Plaintiff Szewczyk routinely worked in excess of forty (40) hours per workweek without receiving premium overtime compensation, as required by the FLSA and PMWA.  Plaintiff Szewczyk worked on average between forty (40) and fifty (50) hours each workweek.

10.     In addition, as also detailed below, pursuant to Defendant's policy, pattern or practice Plaintiff Szewczyk often was not paid the prevailing wage rate for all regular hours worked below forty (40) in a workweek, as required by the WPCL.

11.     As alleged below, Plaintiff Szewczyk is a covered employee for purposes of the FLSA, WPCL, and PMWA and suffered or was permitted to work by Defendant for the benefit of Defendant.

12.     Plaintiff Szewczyk's consent to join this action is attached as Exhibit A.

*Plaintiff Juan Dones-Cruz*

13.     Plaintiff Juan Dones-Cruz is an adult individual who is currently, and at all relevant times was, a resident of Philadelphia, Pennsylvania.  Plaintiff Dones-Cruz was employed by UPS at its facility located on Oregon Avenue in Philadelphia, Pennsylvania from approximately September 2014 until August 17, 2017.

14.     Throughout his employment with Defendant, Plaintiff Dones-Cruz was a driver of a brown delivery truck performing pick-ups, transfers and deliveries of packages in Pennsylvania.

15.     As detailed below, pursuant to Defendant's policy, pattern or practice, Plaintiff Dones-Cruz routinely worked in excess of forty (40) hours per workweek without receiving premium overtime compensation, as required by the FLSA and PMWA.  On average, Plaintiff Dones-Cruz worked approximately fifty (50) hours each workweek.

16.     In addition, as also detailed below, pursuant to Defendant's policy, pattern or practice Plaintiff Dones-Cruz often was not paid the prevailing wage rate for all regular hours worked below forty (40) in a workweek, as required by the WPCL.

17.     As alleged below, Plaintiff Dones-Cruz is a covered employee for purposes of the FLSA, WPCL, and PMWA and suffered or was permitted to work by Defendant for the benefit of Defendant.

18.     Plaintiff Dones-Cruz's consent to join this action is attached as Exhibit B.

*Plaintiff Kimberly Rucker*

19.     Plaintiff Kimberly Rucker is an adult individual who is currently, and at all relevant times was, a resident of Capitol Heights, Maryland.  Plaintiff Rucker was employed by UPS at a facility located in Dulles, Virginia from approximately November to December 2018.

20.     Plaintiff Rucker was employed as a driver helper working in a brown delivery truck assisting in the pick-up, transfer and delivery of packages in Virginia.

21.     As detailed below, pursuant to Defendant's policy, pattern or practice, Plaintiff Rucker worked in excess of forty (40) hours per workweek without receiving premium overtime compensation, as required by the FLSA.  On average, Plaintiff Rucker worked approximately fifty (50) hours each workweek.

22.     As alleged below, Plaintiff Rucker is a covered employee for purposes of the FLSA and suffered or was permitted to work by Defendant for the benefit of Defendant.

23.     Plaintiff Rucker's consent to join this action is attached as Exhibit C.

_Defendant United Parcel Service, Inc._

24.     Upon information and belief, Defendant is a corporation organized and existing under the laws of the state of Delaware, with its headquarters located at 55 Glenlake Parkway NE, Atlanta, Georgia.

25.     UPS is "the world's largest package delivery company and a leading global provider of specialized transportation and logistics services."  _See_ https://www.ups.com/us/en/about.page, last accessed on March 15, 2019.

26.     UPS operates in more than 220 countries and employs more than 400,000 individuals, including drivers and driver helpers throughout the United States, who pick-up, transport, and deliver packages and other goods to and from, among other places, "every address in North America" using the company's distinctly brown delivery vans.  _See_ https://pressroom.ups.com/pressroom/ContentDetailsViewer.page?ConceptType=FactSheets&id =1426321563187-193, last accessed on March 15, 2019.

27.     In 2018, UPS delivered 5.2 billion packages and documents globally and had total revenues of $58 billion.  _Id_.

28.     At all relevant times, UPS employed Plaintiffs and its delivery drivers and driver helpers in accordance with the FLSA, WPCL, and PMWA and, among other things, maintained

control, oversight and direction over Plaintiffs and delivery drivers and driver helpers, including with respect to timekeeping, payroll and other employment practices that applied to them.

29.     Upon information and belief, UPS applies the same employment policies, patterns, and procedures to all delivery drivers and driver helpers nationwide.

30.     At all relevant times, UPS was a covered employer within the meaning of the FLSA because, among other things, it employed individuals, including Plaintiffs, who were engaged in interstate commerce or in the production of goods for interstate commerce or engaged in handling, receiving, selling, or otherwise working on goods or material that have been moved in or produced for interstate commerce.

31.     At all relevant times, UPS has had gross revenues exceeding $500,000.00.

32.     In addition, and at all relevant times, UPS was a corporation covered by the WPCL and PMWA.

## JURISDICTION AND VENUE

33.     This Court has jurisdiction over Plaintiffs' federal claims pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331.

34.     Further, this Court has supplemental jurisdiction over Plaintiffs' Pennsylvania state law claims pursuant to 28 U.S.C. §1367.

35.     In addition, this Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 and 2202.

36.     Venue is proper in this  district pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claims alleged herein occurred within this district.

37.     UPS is also subject to personal jurisdiction in this district.  UPS regularly conducts business from locations in this district, including in West Chester and Philadelphia, and upon

information and belief employs hundreds of delivery drivers and driver helpers in Pennsylvania, including in this district.

38.     Defendant purposefully availed itself of this jurisdiction by employing Plaintiffs Todd A. Szewczyk and Juan Dones-Cruz in Pennsylvania.

## COMMON FACTUAL ALLEGATIONS

39.     Defendant employs tens of thousands of delivery drivers and driver helpers across the United States to perform its essential function of picking-up, transferring, and delivering packages, letters and other items to its customers.

40.     In exchange, delivery drivers and driver helpers working in the United States, including Plaintiffs, are paid an hourly wage by UPS based on the number of hours they work each week.

41.     Upon being hired by Defendant, Plaintiffs were told that they would be paid on an hourly basis and the hours they worked each week would be used to determine their weekly wage.

42.     In order to be paid, all delivery drivers and driver helpers, including Plaintiffs, are required by UPS to record the time they spend working each day.  This information is then submitted to UPS and used by Defendant to calculate how much an employee must be paid each week.

43.     UPS requires delivery drivers, including Plaintiffs Szewczyk and Dones-Cruz, to record their time using the company's Delivery Information Acquisition Device, or "DIAD."  This is the same handheld device used by delivery drivers and driver helpers to scan packages and confirm pick-ups and deliveries.  Driver helpers, including Plaintiff Rucker, also record their time using paper timesheets.

44.     Delivery drivers and driver helpers, including Plaintiffs, are assigned certain geographic routes (or addresses) by UPS in which they are required to transport and deliver all

packages that have been loaded into their assigned truck each day, as well as pick-up and transport any packages received from customers.

45.     During the relevant time period, Plaintiffs were expected to perform several dozen deliveries each day, as well as pick-ups and transfers of packages. The number of packages that Plaintiffs delivered regularly exceeded 100 each day.

46.     Plaintiffs work each day was not finished until all of their assigned deliveries and pick-ups were complete. On some routes, this resulted in a work day well in excess of eight (8) hours (and often exceeded nine (9) or ten (10) hours a day).

47.     UPS maintains strict control, oversight, and discretion over its operations, including its employment practices with respect to delivery drivers and driver helpers, including Plaintiffs.

48.     Plaintiffs' work, as well as that of the members of the putative class and collective, was performed in the normal course of UPS's business and was integrated into it.

49.     Upon information and belief, Defendant's proprietary "ORION" system maps out optimal delivery routes for drivers (and, if they have one, their helpers) to follow each day when picking-up and delivering packages.

50.     UPS closely controls, monitors and supervises the work of its delivery drivers and driver helpers, including Plaintiffs, and has promulgated strict requirements regarding the time it should take for them to pick-up, transport, and deliver packages to customers each day.

51.     Upon information and belief, UPS employs strict benchmarks which delivery drivers and driver helpers must meet in order to ensure that the company's pre-determined delivery goals are met.

52.     Upon information and belief, UPS uses a process called "trace" as one way to measure whether its delivery drivers and driver helpers complete their pre-determined deliveries within the strict time frames established by UPS. For example, where a delivery driver and driver

helper deliver all their packages within the time prescribed by UPS, their trace is referred to as "100%." Likewise, where a delivery driver and driver helper deliver only 80% of their packages within the time prescribed by UPS, their trace is referred to as "80%."

53.     Upon information and belief, delivery drivers and driver helpers who fall below the "trace" standards established by UPS are subject to discipline.

54.     Conversely, requests by delivery drivers and driver helpers for additional time to pick-up, transport, and deliver packages beyond the time established by UPS's ORION system are denied.

***Defendant's Policy, Pattern of Practice of "Off-the-Clock" Work***

55.     Upon information and belief, UPS has strict labor budgets which minimize the expense associated with paying delivery drivers and driver helpers, and managers are directed by their superiors (including those in Defendant's corporate headquarters) not to exceed their pre-determined labor budget.

56.     Accordingly, delivery drivers and driver helpers, including Plaintiffs, as well as their managers and superiors (including Defendant's corporate personnel), are incentivized by UPS to minimize the number of hours delivery drivers and driver helpers are *recorded* as having worked each day (and each week) in order to adhere to Defendant's strict labor budgets.

57.     As a result, delivery drivers and driver helpers were instructed by their managers and superiors to record that they worked less hours than they actually did each day, or their managers and superiors edited the time they did record as worked to show that they worked less hours.

58.     Defendant's policy, pattern or practice was most egregious with the recording of lunch breaks that delivery drivers and driver helpers simply did not take.

59. Defendant's policy, pattern or practice, including with respect to recording lunch breaks that Plaintiffs and delivery drivers and driver helpers did not take, was endemic and widespread, as demonstrated by Plaintiffs' experiences at several different facilities across a number of states.

60. For example, Plaintiff Szewczyk's managers at UPS's West Chester, Pennsylvania location, instructed him and other members of the putative class and collective that all drivers must meet UPS's delivery goals each day, *even if it meant working off-the-clock through their lunch breaks*.

61. Plaintiff Szewczyk and other delivery drivers were instructed by their managers to record that they had taken an interrupted lunch break when, in fact, they had not. On other occasions, Plaintiff Szewczyk's managers edited his time records to reflect that he had taken an uninterrupted lunch break when he had not.

62. Subsequently, Plaintiff Szewczyk's time records reflected that he had taken a lunch break, even though he did not (and continued to work).

63. As a result, during those weeks when Plaintiff Szewczyk worked more than forty (40) hours, he was not paid for the additional overtime hours he worked but which were not recorded.

64. Conversely, during those weeks when Plaintiff Szewczyk worked less than forty (40) hours, he was not paid the prevailing wage rate for the hours he worked off-the-clock but which were not recorded.

65. Plaintiff Dones-Cruz was also subject to Defendant's policy, pattern or practice and time records were routinely edited by his managers to record that he had taken a lunch break when, in fact, he had not.

66.     Plaintiff Dones-Cruz complained to his managers about Defendant's policy, pattern or practice and, in response, Defendant's managers indicated that lunch breaks were deducted from his time records "because it's the law," even though Defendant's managers knew, or ought to have known, that it was actually against the law to shave an employee's time.

67.     As a result, during those weeks when Plaintiff Dones-Cruz worked more than forty (40) hours, he was not paid for the additional overtime hours he worked but which were not recorded.

68.     Conversely, during those weeks when Plaintiff Dones-Cruz worked less than forty (40) hours, he was not paid the prevailing wage rate for the hours he worked off-the-clock but which were not recorded.

69.     Similarly, delivery drivers and driver helpers at the UPS facility where Plaintiff Rucker worked in Dulles, Virginia (including Plaintiff Rucker) were also subject to Defendant's policy, pattern or practice of requiring them to work off-the-clock in order to pick-up, transfer and deliver packages, including recording that they had taken lunch breaks when they had not.

70.     Defendant's policy, pattern or practice at the Dulles, Virginia facility was so egregious that delivery drivers routinely did not stop for bathroom breaks and, instead, urinated in plastic bottles which were picked-up by managers at pre-arranged locations in order to save time and ensure that all packages were delivered each day.

71.     As a result, during those weeks when Plaintiff Rucker worked more than forty (40) hours, she was not paid for the additional overtime hours she worked off-the-clock but which were not recorded.

72.     Accordingly, delivery drivers and driver helpers, including Plaintiffs, are not paid for all of the hours that they work, including overtime compensation for all hours when they work above forty (40) in a workweek and, in the case of those drivers and helpers who work in

11

Pennsylvania, the prevailing wage rate for all regular hours when they work below forty (40) in a workweek.

73.     Upon information and belief, delivery drivers and driver helpers at UPS's facilities throughout the country, including in Pennsylvania, are subject to the same unlawful compensation policy, practice, or pattern and are required to record that they worked less hours than they actually did, or otherwise their time records are edited by their managers to reflect that they work less hours in order to meet Defendant's strict labor budgets.

74.     Upon information and belief, Defendant and its managers were aware of the dates and times that delivery drivers and driver helpers actually worked because the delivery vans they used were tracked by Defendant using GPS technology and the DIAD's they were assigned by Defendant recorded the dates and times that they picked-up and delivered packages.

75.     Accordingly, Defendant and its managers knew, or should have known, that delivery drivers and driver helpers were continuing to work throughout day.

***Plaintiffs' Compensation***

76.     As indicated, in exchange for performing the services described herein delivery drivers and driver helpers, including Plaintiffs, agreed that they will be paid an hourly wage by UPS for all hours worked.

77.     The agreed-upon hourly wage rates are listed on the paystubs for the delivery drivers and driver helpers, including Plaintiffs, which are generated and maintained by Defendant. For example, and prior to leaving UPS, Plaintiff Szewczyk's hourly wage was $18.75 per hour.

78.     Upon information and belief, delivery drivers and driver helpers, including Plaintiffs, do not sign a written agreement outlining the terms of their employment with Defendant, including the wage rates they will be paid.  Rather, the wage rates and other terms and conditions of their employment, including those of Plaintiffs, are orally agreed upon with Defendant.

79.     Delivery drivers' and driver helpers' oral agreement with Defendant, including Plaintiffs, constituted an enforceable contract for the provision and payment of services.

80.     In reliance on the oral contact with Defendant, Plaintiffs performed the work for which they had been contracted.

81.     Notwithstanding Plaintiffs' performance, Defendant breached the parties' oral contract by, *inter alia*, failing to pay Plaintiffs Szewczyk and Dunes-Cruz all wages for work performed under forty (40) hours a week at the agreed-upon wage rate.

82.     As a result of Defendant's breach, Plaintiffs Szewczyk and Dunes-Cruz were not paid all wages due and owing to them for work performed under forty (40) hours a week, including within the time prescribed for payment by the WPCL.

83.     Upon information and belief, delivery drivers and driver helpers were similarly deprived of all wages for work performed under forty (40) hours a week at their contracted wage rates.

84.     Defendants' failure to pay delivery drivers and driver helpers, including Plaintiffs, is continuing and, among other things, exceeds the time periods for payment of wages prescribed by the WPCL.

***Plaintiffs' Work Hours***

85.     Upon information and belief, a comparison of the dates and times that Plaintiffs' time records (and the time records of similarly situated delivery drivers and driver helpers) indicate they worked each day with the dates and times they were recorded (on Defendant's DIAD) as having picked-up and delivered packages will demonstrate that they worked off-the-clock, including during lunch.

86.     Defendant's DIAD records are not in Plaintiffs' possession.  Upon information and belief, however, they are in Defendant's possession, custody or control.  Plaintiffs are in possession

of some of their paystubs and, based on these, they support Plaintiffs' allegations that they were not paid for all hours worked.

*Plaintiff Szewczyk*

87.     Throughout his employment as a delivery driver at UPS, Plaintiff Szewczyk was not paid all overtime compensation and regular wages he was owed by UPS.  Based on his available pay stubs, Plaintiff Szewczyk worked considerable overtime for which he was not paid.

88.     For example, from October 22, 2017 through October 28, 2017, Plaintiff Szewczyk worked a total of 41.15 hours; from November 12, 2017 through November 18, 2017, Plaintiff Szewczyk worked a total of 42.27 hours; from November 26, 2017 through December 2, 2017 Plaintiff Szewczyk worked a total of 61.81 hours; from December 3, 2017 through December 9, 2017, Plaintiff Szewczyk worked a total of 40.24 hours; from December 10, 2017 through December 16, 2017, Plaintiff Szewczyk worked a total of 49.8 hours; and from December 17, 2017 through December 23, 2017, Plaintiff Szewczyk worked a total of 58.92 hours.

89.     Also, Plaintiff Szewczyk worked the following hours and periods: from January 7, 2018 through January 13, 2018, Plaintiff Szewczyk worked 42.9 hours; from July 15, 2018 through July 21, 2018, Plaintiff Szewczyk worked 44.86 hours.

90.     In addition, there were times when Plaintiff Szewczyk worked less than forty (40) hours a week.

91.     However, not included in these hours was time deducted for lunch breaks which Plaintiff did not take because of Defendant's common policy, pattern or practice of not paying delivery drivers and driver helpers for all hours worked.

92.     As a result, Plaintiff Szewczyk was not paid all overtime compensation at the mandated rate of one-and-one-half times his regular hourly rate (for weeks in which he worked

14

above forty (40) hours), as well as regular wages at his prevailing rate of $18.75 per hour (for weeks in which he worked below forty (40) hours).

*Plaintiff Dones-Cruz*

93.     Throughout his employment as a delivery driver at UPS, Plaintiff Dones-Cruz was not paid all overtime compensation and regular wages he was owed by UPS.  On average, Plaintiff Dones-Cruz worked approximately fifty (50) hours a week, including during the busy holiday period between Thanksgiving and Christmas 2016.

94.     In addition, on some occasions Plaintiff Szewczyk worked less than forty (40) hours a week.

95.     However, not included in these hours was time deducted for lunch breaks which Plaintiff Dones-Cruz did not take because of Defendant's common policy, pattern or practice of not paying delivery drivers and driver helpers for all hours worked.

96.     As a result, Plaintiff Dones-Cruz was not paid all overtime compensation at the mandated rate of one-and-one-half times his regular hourly rate (for weeks in which he worked above forty (40) hours), as well as regular wages at his prevailing rate (for weeks in which he worked below forty (40) hours).

*Plaintiff Rucker*

97.     As a driver helper employed by Defendant from November until December 2018, Plaintiff Rucker was not paid all overtime compensation she was owed by UPS.  On average, Plaintiff Rucker worked approximately fifty (50) to sixty (60) hours a week.

98.     However, not included in these hours was time deducted for lunch breaks which Plaintiff Rucker did not take, as well as time spent working before she commenced deliveries for the day, because of Defendant's common policy, pattern or practice of not paying delivery drivers and driver helpers for all hours worked.

99.     As a result, Plaintiff Rucker was not paid all overtime compensation at the mandated rate of one-and-one-half times her regular hourly rate (for weeks in which she worked above forty (40) hours).

100.    Consistent with UPS's policy, pattern or practice, Plaintiffs and the members of the putative classes and collectives regularly worked in excess of forty (40) hours per workweek without being paid overtime compensation and/or their regular wages at the prevailing rate for all hours worked below forty (40) in a work week.

101.    All of the work performed by Defendant's delivery drivers and driver helpers, including Plaintiffs, has been assigned by Defendant, who is aware of the work that they performed.

102.    Defendant's delivery drivers and driver helpers, including Plaintiffs, are not exempt from overtime by virtue of the FLSA and PMWA and, therefore, are entitled to receive overtime compensation.

103.    Due to the foregoing, Defendant's failure to pay overtime wages for work performed by delivery drivers and driver helpers, including Plaintiffs, in excess of forty (40) hours per week was willful.

104.    Due to the foregoing, Defendant's failure to pay regular wages for work performed by delivery drivers and driver helpers, including Plaintiffs, below forty (40) hours was willful.

105.    The work performed by Defendant's delivery drivers and driver helpers, including Plaintiffs, constitutes compensable work time under the FLSA and PMWA and was not preliminary, postliminary or *de minimis*.

106.    As a result of the foregoing, Defendant's delivery drivers and driver helpers, including Plaintiffs, were not paid all wages due and owing to them.

*Defendant's Retaliatory Acts Against Plaintiff Szewczyk*

107.    In approximately mid-2018, Plaintiff Szewczyk approached his manager and requested that Defendant pay him the compensation he was owed for working off-the-clock.

108.    Plaintiff Szewczyk's manager refused to cause UPS to pay Plaintiff Szewczyk's unpaid wages.

109.    Thereafter, Plaintiff Szewczyk was told by his manager that he would no longer be working as a delivery driver and would be re-assigned to work in the warehouse (a less desirable position which came with a pay decrease).  Plaintiff Szewczyk was told that the reason for his re-assignment was unsafe driving.

110.    Plaintiff Szewczyk objected to being re-assigned and was told by his manager that unless he took the position he would be fired.  Instead, and as a direct and proximate cause of Defendant's retaliation, Plaintiff Szewczyk resigned his employment at UPS.

111.    Plaintiff Szewczyk's verbal complaint about not receiving all wages due and owing to him was the motivating factor behind, and led directly to, Defendant's retaliatory action.

112.    As a result of Defendant's retaliatory actions, Plaintiff Szewczyk has lost future wages, including overtime compensation that he reasonably could have anticipated receiving from UPS.

## FLSA COLLECTIVE ACTION ALLEGATIONS

113.    Plaintiffs Szewczyk and Dones-Cruz bring the first cause of action on behalf of the following collective pursuant to 29 U.S.C. § 216(b):

> All current and former delivery drivers employed by Defendant anywhere in the United States, except California, during the last 3 years who (1) worked off-the-clock, including during lunch; (2) as a result, were not paid overtime compensation for all hours worked beyond forty (40) in a workweek at the statutorily required rate; and (3) who opt-in to this action (the "FLSA Delivery Driver Collective").

114.    Plaintiff Rucker brings the second cause of action on behalf of the following collective pursuant to 29 U.S.C. § 216(b):

> All current and former driver helpers employed by Defendant anywhere in the United States, except California, during the last 3 years who (1) worked off-the-clock, including during lunch; (2) as a result, were not paid overtime compensation for all hours worked beyond forty (40) in a workweek at the statutorily required rate; and (3) who opt-in to this action (the "FLSA Driver Helper Collective").

115.    At all relevant times, Plaintiffs and the members of the FLSA Delivery Driver Collective and FLSA Driver Helper Collective were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. § and 207(a).

116.    The overtime wage provisions set forth in §§ 201 *et seq*. of the FLSA apply to UPS.

117.    UPS is an employer of Plaintiffs and the members of the FLSA Delivery Driver Collective and FLSA Driver Helper Collective and is engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. § 207(a).

118.    At all relevant times, Plaintiffs and the members of the FLSA Delivery Driver Collective and FLSA Driver Helper Collective were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

119.    UPS has failed to pay Plaintiffs and the members of the FLSA Delivery Driver Collective and FLSA Driver Helper Collective overtime compensation to which they are entitled under the FLSA.

120.    UPS has failed to keep accurate records of time worked by Plaintiffs and the members of the FLSA Delivery Driver Collective and FLSA Driver Helper Collective.

121.    Defendant is liable under the FLSA for, among other things failing to properly compensate Plaintiffs and the members of the FLSA Delivery Driver Collective and FLSA Driver Helper Collective.

122.    Consistent with Defendant's policy, pattern or practice, Plaintiffs and the members of the FLSA Delivery Driver Collective and FLSA Driver Helper Collective were not paid premium overtime compensation for all hours worked beyond forty (40) in a workweek.

123.    All of the work that Plaintiffs and the members of the FLSA Delivery Driver Collective and FLSA Driver Helper Collective performed has been assigned by Defendant, and/or Defendant has been aware of all of the work that Plaintiffs and the members of the FLSA Delivery Driver Collective and FLSA Driver Helper Collective performed.

124.    As part of its regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, or policy of violating the FLSA with respect to Plaintiffs and the members of the FLSA Delivery Driver Collective and FLSA Driver Helper Collective. This policy, pattern or practice includes, but is not limited to:

> (a)    willfully failing to pay Plaintiffs and the members of the FLSA Delivery Driver Collective and FLSA Driver Helper Collective premium overtime compensation for all hours worked in excess of forty (40) in a workweek;
>
> (b)    willfully forcing Plaintiffs and the members of the FLSA Delivery Driver Collective and FLSA Driver Helper Collective to work "off-the-clock" without being paid for all hours worked; and
>
> (c)    willfully failing to record all of the time that Plaintiffs and the members of the FLSA Delivery Driver Collective and FLSA Driver Helper Collective worked for the benefit of Defendant.

125.    Defendant is aware or should have been aware that federal law requires it to pay Plaintiffs and the members of the FLSA Delivery Driver Collective and FLSA Driver Helper Collective overtime premiums for all hours worked in excess of forty (40) in a workweek.

126.    Plaintiffs Szewczyk and Dones-Cruz and the members of the FLSA Delivery Driver Collective perform or performed the same primary duties.

127.    Plaintiff Rucker and the members of the FLSA Driver Helper Collective perform or performed the same primary duties.

128.    Defendant's unlawful conduct has been widespread, repeated, and consistent.

129.    Upon information and belief, there are potentially thousands of members of the FLSA Delivery Driver Collective and FLSA Driver Helper Collective who have been underpaid as a result of Defendant's willful violation of the FLSA who would benefit from the issuance of a court-supervised notice of the lawsuit and the opportunity to join.  Those similarly situated employees are known to UPS, are readily identifiable, and can be located through UPS's records. Thus, notice should be sent to the FLSA TL Collective, pursuant to 29 U.S.C. § 216(b).

## RULE 23 CLASS ACTION ALLEGATIONS

130.    Plaintiffs Szewczyk and Dones-Cruz bring the third and fourth causes of action for unpaid overtime and/or regular wages on behalf of the following class:

> All current and former delivery drivers employed by Defendant anywhere in Pennsylvania during the last 3 years who (1) worked off-the-clock, including during lunch; (2) as a result, were not paid overtime compensation for all hours worked beyond forty (40) in a workweek at the statutorily required rate and/or were not paid regular wages at the prevailing rate for all hours worked below forty (40) in a workweek; and (3) who do not opt-out of this action (the "PA Delivery Driver Class").

131.    The persons in the PA Delivery Driver Class are so numerous that joinder of all members is impracticable.  The precise number of such persons is not known to Plaintiffs and is within the exclusive control of UPS, but Plaintiffs estimate, upon information and belief, that there are thousands of delivery drivers who work for Defendant in Pennsylvania.

132.    UPS acted or refused to act on grounds generally applicable to the PA Delivery Driver Class, thereby making appropriate an award of monetary damages, final injunctive relief or corresponding declaratory relief with respect to the PA Delivery Driver Class as a whole.

133.    There are questions of law and fact common to Plaintiffs Szewczyk and Dones-Cruz and the PA Delivery Driver Class that predominate over any questions solely affecting Plaintiffs and individual members of the PA Delivery Driver Class, including but not limited to:

(a)    Whether UPS failed to keep true and accurate time records for all hours worked by Plaintiffs Szewczyk and Dones-Cruz and the members of the PA Delivery Driver Class;

(b)    Whether UPS failed to record the time spent working by Plaintiffs Szewczyk and Dones-Cruz and the members of the PA Delivery Driver Class picking-up, transferring, and delivering packages;

(c)    Whether UPS knew or should have known that Plaintiffs Szewczyk and Dones-Cruz and the members of the PA Delivery Driver Class clocked out for lunch breaks they did not take and continued to work through;

(d)    Whether UPS knew or should have known that the time records for Plaintiffs Szewczyk and Dones-Cruz and the members of the PA Delivery Drive Class were altered by their managers to reflect that they took lunch breaks in order to reduce the number of hours they were paid;

(e)    Whether UPS failed to pay Plaintiffs Szewczyk and Dones-Cruz and the members of the PA Delivery Driver Class all regular wages and overtime compensation due and owing to them for time they spent picking-up, transferring, and delivering packages, including during periods when they were allegedly taking a lunch break;

21

(f)  Whether UPS's failure to pay Plaintiffs Szewczyk and Dones-Cruz and the members of the PA Delivery Driver Class for time they spent picking-up, transferring, and delivering packages during periods when they were allegedly taking a lunch break violates the PMWA and WPCL;

(g)  Whether Defendant breached its contract with Plaintiffs and the members of the PA Delivery Driver Class by failing to pay them at the prevailing wage rate for the time they spent picking-up, transferring, and delivering packages during periods when they were allegedly taking a lunch break; and

(h)  Whether UPS has a good faith basis for refusing to pay Plaintiffs and the members of the PA Delivery Driver Class for time they spent picking-up, transferring, and delivering packages, including during periods when they were allegedly taking a lunch break.

134.   Plaintiffs Szewczyk's and Dones-Cruz's claims are typical of the PA Delivery Driver Class.  Plaintiffs Szewczyk and Dones-Cruz and the members of the PA Delivery Driver Class worked, or work, as drivers of brown delivery trucks and have been subjected to UPS's policy, pattern or practice depriving them of overtime compensation and regular wages for all hours worked, including for time spent working through lunch breaks.

135.   Plaintiffs Szewczyk and Dones-Cruz will fairly and adequately represent and protect the interests of the members of the PA Delivery Driver Class and have no interests antagonistic to the members of the PA Delivery Driver Class.  Plaintiffs Szewczyk and Dones-Cruz understand that, as class representatives, they assume a fiduciary responsibility to the members of the PA Delivery Driver Class to represent their interests fairly and adequately.

136.   Plaintiffs Szewczyk and Dones-Cruz also recognize that, as class representatives, they must represent and consider the interest of the members of the PA Delivery Driver Class just

as they would represent and consider their own interests.  Plaintiffs Szewczyk and Dones-Cruz understand that in decisions regarding the conduct of the litigation and its possible settlement, they must not favor their own interests over those of the PA Delivery Driver Class.  Plaintiffs Szewczyk and Dones-Cruz recognize that any resolution of a class action, including any settlement or dismissal thereof, must be in the interests of the PA Delivery Driver Class, and that in order to provide adequate representation, they must remain informed of developments in the litigation, cooperate with counsel by providing them with information and any relevant documentary material in his possession, and testify in depositions and at trial, if required.

137.    Plaintiffs Szewczyk and Dones-Cruz have retained counsel competent and experienced in complex class actions and class action employment litigation.

138.    A class action is superior to other available methods for the fair and efficient adjudication of this litigation, particularly in the context of wage and hour litigation such as the instant action, in which individual class members may lack the financial resources to vigorously prosecute a lawsuit in court against a corporate defendant, and those who remain employees of that defendant may fear retaliation if they do so file.

139.    The members of the PA Delivery Driver Class have been damaged and are entitled to recovery as a result of UPS's common and consistent policies, practices or patterns.  Although the precise amount of each class member's damages suffered are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments regarding UPS's policies, practices or patterns.

140.    The third and fourth cause of actions are therefore properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

23

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act: Unpaid Overtime Wages**
**(Brought on Behalf of Plaintiffs Szewczyk and Dones-Cruz**
**and FLSA Delivery Driver Collective)**

141.    Plaintiffs reallege and incorporate by reference the allegations in each of the preceding paragraphs.

142.    At all relevant times, Plaintiffs Szewczyk and Dones-Cruz and the members of the FLSA Delivery Driver Collective were engaged in commerce within the meaning of 29 U.S.C. § 207(a).

143.    At all relevant times, UPS employed Plaintiffs Szewczyk and Dones-Cruz and the members of the FLSA Delivery Driver Collective within the meaning of 29 U.S.C. § 207(a).

144.    UPS has engaged in a widespread policy, pattern or practice of violating the FLSA in regard to Plaintiffs Szewczyk and Dones-Cruz and the members of the FLSA Delivery Driver Collective, as detailed in this Class and Collective Action Complaint.

145.    Upon information and belief, UPS established labor budgets to cover labor costs for the work performed by Plaintiffs Szewczyk and Dones-Cruz and the members of the FLSA Delivery Driver Collective.  However, UPS did not provide sufficient money in the labor budgets to cover all hours needed to complete the necessary tasks they performed.

146.    UPS knew or recklessly disregarded the fact that their underfunding of the labor budgets resulted in Plaintiffs Szewczyk and Dones-Cruz and the members of the FLSA Delivery Driver Collective not being paid all overtime compensation working more than forty (40) hours in a workweek, in violation of 29 U.S.C. § 207(a).  This allowed UPS to save money and meet its pre-determined labor budgets.

147.    Because UPS underfunded its labor budgets, which in turn limited the amount of money available to pay Plaintiffs Szewczyk and Dones-Cruz and the members of the FLSA Delivery Driver Collective, Plaintiffs Szewczyk and Dones-Cruz and the members of the FLSA

Delivery Driver Collective were required to – and did – perform work off-the-clock.

148. UPS knew, by virtue of the fact that management employees (as its authorized agents) actually saw Plaintiffs Szewczyk and Dones-Cruz and the members of the FLSA Delivery Driver Collective perform work off-the-clock, or otherwise edited their time records to record that they worked less hours than they actually did, that Plaintiffs Szewczyk and Dones-Cruz and the members of the FLSA Delivery Driver Collective were not being paid for all hours worked. Inasmuch as UPS is a substantial corporate entity aware of its obligations under the FLSA, it acted willfully or recklessly in failing to properly pay Plaintiffs Szewczyk and Dones-Cruz and the members of the FLSA Delivery Driver Collective.

149. Upon information and belief, and as part of its regular business practices, UPS has intentionally, willfully and repeatedly engaged in a pattern, practice and/or policy of violating the FLSA with respect to Plaintiffs Szewczyk and Dones-Cruz and the members of the FLSA Delivery Driver Collective.

150. UPS's unlawful conduct, as described above, was willful and/or in reckless disregard of the FLSA and in furtherance of its centralized, company-wide policy, pattern, or practice of attempting to minimize labor costs.

151. As further evidence of its willful or reckless failure to pay Plaintiffs Szewczyk and Dones-Cruz and the members of the FLSA Delivery Driver Collective for all hours worked, UPS has uniformly failed to: (a) accurately track or record actual hours worked by Plaintiffs Szewczyk and Dones-Cruz and the members of the FLSA Delivery Driver Collective; and (b) provide Plaintiffs Szewczyk and Dones-Cruz and the members of the FLSA Delivery Driver Collective with a method to accurately record the hours actually worked.

152. UPS did not make a good faith effort to comply with the FLSA with respect to its timekeeping and compensation of Plaintiffs Szewczyk and Dones-Cruz and the members of the

FLSA Delivery Driver Collective.

153.    UPS was or should have been aware that the FLSA required it to pay Plaintiffs Szewczyk and Dones-Cruz and the members of the FLSA Delivery Driver Collective overtime compensation for all hours worked above forty (40) in a workweek.  *See* 29 U.S.C. § 207(a).

154.    Pursuant to 29 U.S.C. § 207(a), UPS is liable for failing to properly compensate Plaintiffs Szewczyk and Dones-Cruz and the members of the FLSA Delivery Driver Collective for all hours worked in excess of forty (40) in a workweek.

155.    Because UPS's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

156.    As a result of UPS's willful violations of the FLSA, Plaintiffs Szewczyk and Dones-Cruz and the members of the FLSA Delivery Driver Collective have suffered damages by being denied all overtime compensation in accordance with the FLSA, in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre-judgment interest, attorneys' fees, costs and expenses.

**SECOND CAUSE OF ACTION**
**Fair Labor Standards Act: Unpaid Overtime Wages**
**(Brought on Behalf of Plaintiff Rucker and FLSA Driver Helper Collective)**

157.    Plaintiffs reallege and incorporate by reference the allegations in each of the preceding paragraphs.

158.    At all relevant times, Plaintiff Rucker and the members of the FLSA Driver Helper Collective were engaged in commerce within the meaning of 29 U.S.C. § 207(a).

159.    At all relevant times, UPS employed Plaintiff and the members of the FLSA Driver Helper Collective within the meaning of 29 U.S.C. § 207(a).

160.    UPS has engaged in a widespread policy, pattern or practice of violating the FLSA in regard to Plaintiff  Rucker and the members of the FLSA Driver Helper Collective, as detailed

in this Class and Collective Action Complaint.

161.    Upon information and belief, UPS established labor budgets to cover labor costs for the work performed by Plaintiff Rucker and the members of the FLSA Driver Helper Collective.  However, UPS did not provide sufficient money in the labor budgets to cover all hours needed to complete the necessary tasks they performed.

162.    UPS knew or recklessly disregarded the fact that their underfunding of the labor budgets resulted in Plaintiff Rucker and the members of the FLSA Driver Helper Collective not being paid all overtime compensation working more than forty (40) hours in a workweek, in violation of 29 U.S.C. § 207(a).  This allowed UPS to save money and meet its pre-determined labor budgets.

163.    Because UPS underfunded its labor budgets, which in turn limited the amount of money available to pay Plaintiff Rucker  and the members of the FLSA Driver Helper Collective, Plaintiff Rucker and the members of the FLSA Driver Helper Collective were required to – and did – perform work off-the-clock.

164.    UPS knew, by virtue of the fact that management employees (as its authorized agents) actually saw Plaintiff Rucker and the members of the FLSA Driver Helper Collective perform work off-the-clock, or otherwise edited their time records to record that they worked less hours than they actually did, that Plaintiff Rucker and the members of the FLSA Driver Helper Collective were not being paid for all hours worked.  Inasmuch as UPS is a substantial corporate entity aware of its obligations under the FLSA, it acted willfully or recklessly in failing to properly pay Plaintiff Rucker and the members of the FLSA Driver Helper Collective.

165.    Upon information and belief, and as part of its regular business practices, UPS has intentionally, willfully and repeatedly engaged in a pattern, practice and/or policy of violating the FLSA with respect to Plaintiff Rucker and the members of the FLSA Driver Helper Collective.

166. UPS's unlawful conduct, as described above, was willful and/or in reckless disregard of the FLSA and in furtherance of its centralized, company-wide policy, pattern, or practice of attempting to minimize labor costs.

167. As further evidence of its willful or reckless failure to pay Plaintiff Rucker and the members of the FLSA Driver Helper Collective for all hours worked, UPS has uniformly failed to: (a) accurately track or record actual hours worked by Plaintiff Rucker and the members of the FLSA Driver Helper Collective; and (b) provide Plaintiff Rucker and the members of the FLSA Driver Helper Collective with a method to accurately record the hours actually worked.

168. UPS did not make a good faith effort to comply with the FLSA with respect to its timekeeping and compensation of Plaintiff Rucker and the members of the FLSA Driver Helper Collective.

169. UPS was or should have been aware that the FLSA required it to pay Plaintiff Rucker and the members of the FLSA Driver Helper Collective overtime compensation for all hours worked above forty (40) in a workweek. *See* 29 U.S.C. § 207(a).

170. Pursuant to 29 U.S.C. § 207(a), UPS is liable for failing to properly compensate Plaintiff Rucker and the members of the FLSA Driver Helper Collective for all hours worked in excess of forty (40) in a workweek.

171. Because UPS's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

172. As a result of UPS's willful violations of the FLSA, Plaintiff Rucker and the members of the FLSA Driver Helper Collective have suffered damages by being denied all overtime compensation in accordance with the FLSA, in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre-judgment interest, attorneys' fees, costs and expenses.

**THIRD CAUSE OF ACTION**
**Pennsylvania Minimum Wage Act: Unpaid Overtime**
**(Brought on behalf of Plaintiffs Szewczyk and Dones-Cruz**
**and the PA Delivery Driver Class)**

173.     Plaintiffs reallege and incorporate by reference the allegations in each of the preceding paragraphs.

174.     UPS has engaged in a widespread policy, pattern or practice of violating the PMWA in regard to Plaintiffs Szewczyk and Dones-Cruz and the members of the PA Delivery Driver Collective, as detailed in this Class and Collective Action Complaint.

175.     At all relevant times, Defendant has been, and continues to be an "employer" within the meaning of the PMWA.

176.     At all relevant times, Defendant has employed, and/or continues to employ, "employee[s]," including Plaintiffs Szewczyk and Dones-Cruz and the members of the PA Delivery Driver Class within the meaning of the PMWA.

177.     The overtime wage provisions of the PMWA and its supporting regulations apply to Defendant.

178.     The PMWA entitles employees such as Plaintiffs Szewczyk and Dones-Cruz and the members of the PA Delivery Driver Class to compensation for every hour worked in a workweek. *See* 43 P.S. § 333.104(a).

179.     The PMWA and 34 Pa. Code § 231.41 entitles Plaintiffs Szewczyk and Dones-Cruz and the members of the PA Delivery Driver Class to overtime compensation at a rate "not less than one and one-half times" the employee's regular pay rate for all hours worked over 40 in a workweek. *See* 43 P.S. § 333.104(c).

180.     Defendant violated the PMWA by failing to pay Plaintiffs Szewczyk and Dones-Cruz and the members of the PA Delivery Driver Class overtime compensation for all hours worked in excess of forty (40) in a workweek.

181.    As a result of Defendant's violations of the PMWA, Plaintiffs Szewczyk and Dones-Cruz and the members of the PA Delivery Driver Class have suffered damages by being denied all overtime compensation, in amounts to be determined at trial, and are entitled to recovery of such amounts, pre-judgment interest, and attorneys' fees, costs and expenses, as provided by 43 Pa. Stat. § 333.113.

### FOURTH CAUSE OF ACTION
**Wage Payment and Collection Law: Unpaid Wages**
**(Brought on behalf of Plaintiffs Szewczyk and Dones-Cruz**
**and the PA Delivery Driver Class)**

182.    Plaintiffs reallege and incorporate by reference the allegations in each of the preceding paragraphs.

183.    Plaintiffs Szewczyk and Dones-Cruz and the members of the PA Delivery Driver Class were employees within the meaning of 43 P.S. §260.2a.

184.    UPS employed/employs Plaintiffs Szewczyk and Dones-Cruz and the members of the PA Delivery Driver Class within the meaning of 43 P.S. §260.2a.

185.    UPS has engaged in a widespread policy, pattern or practice of violating the WPCL in regard to Plaintiffs Szewczyk and Dones-Cruz and the members of the PA Delivery Driver Class, as detailed in this Class and Collective Action Complaint.

186.    As a result of Defendant's policy, pattern or practice, Plaintiffs Szewczyk and Dones-Cruz and the members of the PA Delivery Driver Class were not paid all regular wages due and owing to them at the prevailing rate for all hours worked below forty (40) in a workweek, including off-the-clock work performed during lunch breaks.

187.    Upon information and belief, the hourly rate for the wages owed to Plaintiffs Szewczyk and Dones-Cruz and the members of the PA Delivery Driver Class is set by Defendant, which has entered into collective bargaining agreements with organized labor.

188.    The off-the-clock work performed by Plaintiffs Szewczyk and Dones-Cruz and the members of the PA Delivery Driver Class, including work performed during their lunch breaks, is compensable wages within the meaning of 43 P.S. §260.2a.

189.    The wages for the off-the-clock work performed by Plaintiffs Szewczyk and Dones-Cruz and the members of the PA Delivery Driver Class, including work performed during their lunch breaks, have not been paid by UPS and have remained outstanding for thirty (30) days beyond the regularly scheduled payday for Plaintiffs Szewczyk and Dones-Cruz and the members of the PA Delivery Driver Class.

190.    Upon information and belief, the amount of the unpaid wages owed to Plaintiffs Szewczyk and Dones-Cruz and the members of the PA Delivery Driver Class exceed five percent (5%) of the gross wages payable on any two regularly scheduled paydays in the same calendar quarter.

191.    In addition, UPS has failed to provide Plaintiffs Szewczyk and Dones-Cruz and the members of the PA Delivery Driver Class their correct pay checks on at least two occasions.

192.    There is no good faith contest or dispute as to whether Plaintiffs Szewczyk and Dones-Cruz and the members of the PA Delivery Driver Class are owed wages for performing work off-the-clock.

193.    As a result, in addition to the unpaid wages owed to Plaintiffs Szewczyk and Dones-Cruz and the members of the PA Delivery Driver Class, UPS is also liable for liquidated damages in the amount of equal to twenty-five percent (25%) of the total amount of wages due or five hundred dollars ($500), whichever is greater. *See* 43 P.S. §260.10.

194.    UPS is also further liable for reasonable attorneys' fees as part of the costs of this action under 43 P.S. 260.9a(f).

**FIFTH CAUSE OF ACTION**
**Fair Labor Standards Act: Unlawful Retaliation**
**(Brought on Behalf of Plaintiff Szewczyk)**

195.    Plaintiffs reallege and incorporate by reference the allegations in each of the preceding paragraphs.

196.    Defendant is a covered employer for purposes of the FLSA's anti-retaliation provision.  *See* 29 U.S.C. § 215(a).

197.    Defendant engaged in a pattern or practice of willfully denying Plaintiff Szewczyk all overtime compensation and regular wages due and owing to him.

198.    Plaintiff Szewczyk's verbal complaints regarding Defendant's failure to pay him were protected activities under the FLSA's anti-retaliation provision.  *See* 29 U.S.C. § 215(a)(3).

199.    Defendant retaliated against Plaintiff Szewczyk for complaining about its non-payment of overtime and regular wages, in violation of the FLSA's anti-retaliation provision.

200.    Plaintiff Szewczyk's complaints to Defendant for the non-payment of unpaid overtime compensation and regular wages were the motivating factor for Defendant's adverse employment actions against him.

201.    Defendant's retaliatory action against Plaintiff Szewczyk was willful and intentional, and was, at a minimum, undertaken with malice or reckless indifference to Plaintiff Szewczyk's federally protected rights.

202.    Defendant's retaliatory actions were malicious as they were undertaken with knowledge that they violated federal laws against retaliation.

203.    Defendant's retaliatory actions were undertaken with reckless indifference as they were undertaken with knowledge that they might violate federal laws against retaliation.

204.    Defendant's retaliatory actions were extreme and outrageous and warrant the imposition of punitive damages.

205.    As a result of Defendant's retaliatory actions against Plaintiff Szewczyk, Plaintiff Szewczyk has been deprived of continued employment, future earnings (including future overtime compensation), and other monetary and non-monetary benefits.  Plaintiff Szewczyk is entitled to front wages, in an amount to be determined at trial, and is also entitled to liquidated damages and/or punitive damages, pre-judgment and post-judgment interest, and attorneys' fees, costs and expenses, as provided by 43 Pa. Stat. § 333.113.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of the putative classes and collectives, pray for the following relief:

 (a)    Designation of this action as an FLSA collective action on behalf of Plaintiffs and the members of the FLSA Delivery Driver Collective and FLSA Driver Helper Collective in accordance with 29 U.S.C. § 216(b), and prompt issuance of notice to all similarly situated members of the FLSA Delivery Driver Collective and FLSA Driver Helper Collective apprising them of the pendency of this action and permitting them to join pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

(b)    Certification of the PMWA and WCPL state law claims as class actions pursuant to Rule 23 of the Federal Rules of Civil Procedure;

(c)    Designation of Plaintiffs Szewczyk and Dones-Cruz as Class Representatives for the PA Delivery Driver Class and counsel of record as Class Counsel;

(d)    An award of unpaid overtime compensation for all hours worked in excess of forty (40) in a workweek at the rate of one-and-one-half times their regular rate of pay due under the FLSA and PMWA using the following common methodology for calculating damages: ((Annual Salary ÷ 52) ÷ 40) x Total Number of Overtime

Hours Worked x 1.5;

(e) An award of unpaid wages for all hours worked below forty (40) in a workweek at the prevailing rate of pay due under the WPCL;

(f) An award of liquidated damages as a result of UPS's willful failure to pay for all hours worked in excess of forty (40) in a workweek at a rate of time and one-half of the regular rate of pay;

(g) An award of front wages, liquidated damages and/or punitive damages to Plaintiff Szewczyk;

(h) An award of damages representing UPS's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

(i) An award of service payments to Plaintiffs;

(j) An award of pre-judgment and post-judgment interest;

(k) An award of costs and expenses of this action, together with reasonable attorneys' and expert fees to Plaintiffs' counsel pursuant to the FLSA, PMWA, and WPCL;

(l) An injunction requiring UPS to cease its practices violating the FLSA, PMWA and WPCL in the future;

(m) Issuance of a declaratory judgment that the practices complained of in this Class and Collective Action Complaint are unlawful and/or willful under the FLSA, PMWA, and/or WPCL; and

(n) Such other and further relief as this Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by this Class and Collective Action Complaint.

Dated: March 18, 2019

Jason Conway (PA 317113)
**CONWAY LEGAL, LLC**
1700 Market Street, Suite 1005
Philadelphia, PA 19103
Telephone: (215) 278-4782
jconway@conwaylegalpa.com

Daniel C. Levin (PA 80013)
**LEVIN SEDRAN & BERMAN**
510 Walnut Street
Philadelphia, PA 19106
Telephone: (215) 592-1000
dlevin@lfsblaw.com

William T. Wilson (PA 41739)
**BAILEY & EHRENBERG PLLC**
120 North Church Street, Suite 109
West Chester, PA 19380
Telephone (484) 605-1146
btb@becounsel.com

*Attorneys for Plaintiffs and the Putative*
*FLSA Collectives and PA Classes*

# EXHIBIT A

## CONSENT TO JOIN FORM

By signing and returning this form I consent to:

      1.     Be a party plaintiff in a lawsuit against United Parcel Service, Inc. and/or related entities and individuals (collectively, "UPS") in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

      2.     Designate Conway Legal, LLC, Levin Sedran & Berman LLP and Bailey & Ehrenberg PLLC ("the Firms") to represent me and make decisions on my behalf concerning the litigation; the method and manner of conducting the case; the negotiation, terms and approval of any settlement; and all other matters pertaining to the lawsuit. I understand that these decisions and agreements made and entered into will be binding on me by joining the lawsuit. I understand that reasonable costs expended on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs. I understand that the Firms will ask the Court for attorneys' fees from any settlement or judgment in the amount of the greater of: (i) the "lodestar" amount, calculated by multiplying reasonable hourly rates by the number of hours expended on the lawsuit, or (ii) 1/3 of the gross settlement or judgment amount. I agree to be bound by any adjudication relating to the FLSA claims, whether it is favorable or unfavorable.

_Todd Anthony Szewczyk_
Full Legal Name

_[signature]_                                    _1/29/19_
Signature                                           Date

# EXHIBIT B

DocuSign Envelope ID: DDDCA5FC-1F42-430E-9D81-2C71BDE6B3BA

## CONSENT TO JOIN FORM

By signing and returning this form I consent to:

     1.    Be a party plaintiff in a lawsuit against United Parcel Service, Inc. and/or related entities and individuals (collectively, "UPS") in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

     2.    Designate Conway Legal, LLC ("the Firm") to represent me and make decisions on my behalf concerning the litigation; the method and manner of conducting the case; the negotiation, terms and approval of any settlement; and all other matters pertaining to the lawsuit. I understand that these decisions and agreements made and entered into will be binding on me by joining the lawsuit. I understand that reasonable costs expended on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs. I understand that the Firm will ask the Court for attorneys' fees from any settlement or judgment in the amount of the greater of: (i) the "lodestar" amount, calculated by multiplying reasonable hourly rates by the number of hours expended on the lawsuit, or (ii) 1/3 of the gross settlement or judgment amount. I agree to be bound by any adjudication relating to the FLSA claims, whether it is favorable or unfavorable.

Juan C Dones-Cruz

_____

Full Legal Name

_____     2/7/2019

Signature                                 Date

EXHIBIT C

DocuSign Envelope ID: DFB6844E-EA8B-453E-B2DA-C5F05363DE57

## CONSENT TO JOIN FORM

By signing and returning this form I consent to:

     1.    Be a party plaintiff in a lawsuit against United Parcel Service, Inc. and/or related entities and individuals (collectively, "UPS") in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

     2.    Designate Conway Legal, LLC ("the Firm") to represent me and make decisions on my behalf concerning the litigation; the method and manner of conducting the case; the negotiation, terms and approval of any settlement; and all other matters pertaining to the lawsuit. I understand that these decisions and agreements made and entered into will be binding on me by joining the lawsuit. I understand that reasonable costs expended on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs. I understand that the Firm will ask the Court for attorneys' fees from any settlement or judgment in the amount of the greater of: (i) the "lodestar" amount, calculated by multiplying reasonable hourly rates by the number of hours expended on the lawsuit, or (ii) 1/3 of the gross settlement or judgment amount. I agree to be bound by any adjudication relating to the FLSA claims, whether it is favorable or unfavorable.

Kimberly Rucker

_____
Full Legal Name

*Kimberly Rucker*

_____
Signature

2/11/2019

_____
Date