IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TODD A. SZEWCYZYK, JUAN DONES-CRUZ, and KIMBERLY RUCKER, on behalf of themselves and all others similarly situated | : : : : | CIVIL ACTION |
| v. | : : | |
| UNITED PARCEL SERVICE, INC. | : | NO. 19-1109 |

**MEMORANDUM**

**Padova, J.**  October 22, 2019

Plaintiffs Todd A. Szewczyk, Juan Dones-Cruz, and Kimberly Rucker filed this putative Collective and Class Action against their former employer, Defendant United Parcel Service, Inc., asserting claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., the Pennsylvania Minimum Wage Act ("PMWA"), 43 Pa. Stat. Ann. § 333.101 et seq., and the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 Pa. Stat. Ann. § 260.1 et seq. Defendant has moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted and Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. For the following reasons, we grant the Motion in part and deny it in part.

**I.  BACKGROUND**

The Complaint alleges that the three named Plaintiffs are former employees of Defendant United Parcel Service, Inc. (Compl. ¶¶ 7, 13, 19.) Defendant is "the world's largest package delivery company and a leading global provider of specialized transportation and logistics services," operating in more than 220 countries, and servicing "every address in North America." (Id. ¶¶ 25-26 (quotations omitted)). Plaintiffs Szewczyk and Dones-Cruz worked as delivery drivers, driving brown delivery trucks to perform pick-ups, transfers, and deliveries of packages

throughout Pennsylvania. (Id. ¶¶ 8, 14.) Plaintiff Rucker was a driver helper, working in a brown delivery truck and assisting with the pick-up, transfer, and delivery of packages throughout Virginia. (Id. ¶ 20.)

According to the Complaint, Defendant has failed to pay both delivery drivers and driver helpers overtime compensation for all hours that they have worked beyond forty in a work week. (Id. ¶ 2.) Rather, delivery drivers and driver helpers are required to work off-the-clock for periods of time when they are picking up, transferring, and delivering packages. (Id. ¶ 4.) Szewczyk, Dones-Cruz, and Rucker, in particular, routinely worked in excess of 40 hours per week without receiving overtime compensation. (Id. ¶¶ 9, 15, 21.) While Defendant had systems in place whereby the named Plaintiffs and other employees were to record their own hours, managers instructed delivery drivers, and driver helpers to record that they worked fewer hours than they actually worked or, in the alternative, the managers edited the employees' time to show that the employees worked less time than they actually worked. (Id. ¶¶ 43, 57.) The employees' recorded hours worked are altered because Defendant has strict labor budgets and managers are directed not to exceed those budgets. (Id. ¶¶ 55-56.) Among the ways that the hours recorded are minimized is that records are changed to include lunch breaks that the drivers and driver helpers did not actually take. (Id. ¶¶ 58, 61.) All three named Plaintiffs had their hours edited to reflect lunch breaks that they had not taken. (Id. ¶¶ 61, 65, 69.) As a result of Defendant's practices, the named Plaintiffs (along with other members of the putative classes) were not paid for all of the hours that they worked, including overtime compensation. (Id. ¶ 72.)

The Complaint contains five Counts. Counts I and II assert claims under the FLSA, grounded on Defendant's failure to properly pay the three named Plaintiffs and others overtime compensation at 1.5 times their regular rate of pay. Count III asserts a claim pursuant to the

2

PMWA, based on Defendant's failure to pay Szewczyk, Dones-Cruz, and others for all hours worked and overtime wages to which they were entitled. Count IV asserts a claim under the WPCL, based on Defendant's failure to pay Szewczyk, Dones-Cruz, and others their regular wages for all hours worked up to forty (40) in a workweek. Count V asserts a claim under the FLSA, asserting that Defendant unlawfully retaliated against Szewczyk when he complained about Defendant's failure to pay him all the wages that he was owed. Defendant has moved to dismiss all five Counts, based on either Rule 12(b)(6) or Rule 12(b)(2).

## II. LEGAL STANDARD

### A. Rule 12(b)(6)

When considering a motion to dismiss pursuant to Rule 12(b)(6), we "consider only the complaint, exhibits attached to the complaint, [and] matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)). We take the factual allegations of the complaint as true and draw all reasonable inferences in favor of the plaintiff. DelRio-Mocci v. Connolly Props., Inc., 672 F.3d 241, 245 (3d Cir. 2012) (citing Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011)). Legal conclusions, however, receive no deference, as the court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" Wood v. Moss, 572 U.S. 744, 755 n.5 (2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

A plaintiff's pleading obligation is to set forth "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), which gives the defendant "'fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). The complaint must contain

3

"'sufficient factual matter to show that the claim is facially plausible,' thus enabling 'the court to draw the reasonable inference that the defendant is liable for [the] misconduct alleged.'" Warren Gen. Hosp., 643 F.3d at 84 (quoting Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' --'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 678 (citing Twombly, 550 U.S. at 556). In the end, we will grant a motion to dismiss brought pursuant to Rule 12(b)(6) if the factual allegations in the complaint are not sufficient "'to raise a right to relief above the speculative level.'" W. Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank, 712 F.3d 165, 169 (3d Cir. 2013) (quoting Twombly, 550 U.S. at 555) (additional citations omitted).

Where a Rule 12(b)(6) motion to dismiss is based on an affirmative defense, the "defendant must show that the 'defense is apparent on the face of the complaint and documents relied on in the complaint.'" Lupian v. Joseph Cory Holdings LLC, 905 F.3d 127, 130 (3d Cir. 2018) (quoting Bohus v. Restaurant.com, Inc., 784 F.3d 918, 923 n.2 (3d Cir. 2015)) (additional citations omitted). Moreover, "a plaintiff is not required to negate an affirmative defense in its complaint." Arrington v. Terrace, Civ. A. No. 16-2599, 2016 WL 5899925, at *5 (E.D. Pa. Oct. 7, 2016) (citation omitted). Thus, "dismissal is appropriate under Rule 12(b)(6) only when '[the affirmative defense] is manifest in the complaint itself.'" Lupian, 905 F.3d at 130-31 (quoting In re Asbestos Prods. Liab. Litig. (No. VI), 822 F.3d 125, 133 n.6 (3d Cir. 2016)). Furthermore, "[o]n a Rule 12(b)(6) motion, an affirmative defense . . . is appropriately considered only if it presents an insuperable barrier to recovery by the plaintiff." Mazzarella v. Fast Rig Support,

LLC, Civ. A. No. 13-2844, 2014 WL 2861027, at *3 (M.D. Pa. June 23, 2014) (second alteration in original) (quoting Flight Sys., Inc. v. Elec. Data Sys. Corp., 112 F.3d 124, 127 (3d Cir. 1997)).

    **B.   Rule 12(b)(2)**

"[I]n reviewing a motion to dismiss under Rule 12(b)(2), we 'must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff.'" Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 368 (3d Cir. 2002) (quoting Carteret Sav. Bank, F.A. v. Shushan, 954 F.2d 141, 142 n.1 (3d Cir. 1992)). Nonetheless, a motion made pursuant to Rule 12(b)(2) "is inherently a matter which requires resolution of factual issues outside the pleadings." Time Share Vacation Club v. Atl. Resorts, Ltd., 735 F.2d 61, 66 n.9 (3d Cir. 1984). Therefore, once a defendant has properly raised a jurisdictional defense, the plaintiff bears the burden of proving, either by "sworn affidavits or other competent evidence," sufficient contacts with the forum state to establish personal jurisdiction. North Penn Gas Co. v. Corning Natural Gas Corp., 897 F.2d 687, 689 (3d Cir. 1990) (citation omitted). "[A]t no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of in personam jurisdiction." Time Share Vacation Club, 735 F.2d at 66 n.9.

## III.   DISCUSSION

Defendant has moved to dismiss Counts I-III, which assert FLSA and PMWA claims, contending that the Complaint fails to state plausible claims because Defendant has a meritorious affirmative defense to FLSA and PMWA liability pursuant to the FLSA's and PMWA's Motor Carrier Act Exemptions. Defendant has also moved to dismiss (1) the WPCL claim in Count IV, asserting that the claim is preempted by federal labor law, and (2) Szewczyk's FLSA retaliation claim in Count V, arguing that Szewczyk has failed to allege protected activity or adverse action. Finally, it asks that, in the alternative to dismissing Rucker's FLSA claim in Count II based on the

5

Motor Carrier Act Exemption, we dismiss that claim pursuant to Rule 12(b)(2) for lack of personal jurisdiction.

A. **Motor Carrier Act Exemption**

Defendant argues that we should dismiss the FLSA and PMWA claims in their entirety because those claims are barred by the Motor Carrier Act Exemption ("MCA Exemption") in the FLSA, which has an identically-applied counterpart in the PMWA.[1]

As a general matter, both section 7 of the FLSA and section 4(c) of the PMWA require employers to pay overtime compensation to employees who work more than 40 hours per week. 29 U.S.C. § 207(a)(1); 43 Pa. Stat. Ann. § 333.104(c). At the same time, both statutes also include MCA Exemptions, which provide that overtime pay is not required for "any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service." 29 U.S.C. § 213(b)(1); see also 43 Pa. Stat. Ann. § 333.105(b)(7). However, in 2008, Congress passed the Corrections Act,[2] which makes clear that, in spite of the MCA Exemption, the wage requirements in Section 7 of the FLSA apply to motor carrier employees whose jobs "in whole or in part" involve the operation of vehicles that are lighter than 10,000 pounds. Corrections Act § 306(a); McMaster v. Eastern Armored Servs., Inc., 780 F.3d 167, 169 (3d Cir. 2015) (citing Corrections Act § 306(a)). Thus, the MCA Exemption appears to only exempt from the FLSA's overtime requirements those motor carrier employees who work

---

[1] Defendant does not separately analyze the Motor Carrier Exemption in the PMWA or cite case law that is specific to the PMWA. However, Plaintiffs do not dispute that the same principles that apply to the FLSA claim also apply to the PMWA claim. Accordingly, we, like the parties, analyze and apply the FLSA caselaw to Defendant's MCA Exemption arguments with respect to both statutes.

[2] SAFETEA—LU Technical Corrections Act of 2008, PL 110–244, June 6, 2008, 122 Stat. 1572.

exclusively on vehicles weighing more than 10,000 pounds. See Corrections Act § 306(c); see Seyoung Ra v. Gerhard's, Inc., Civ. A. No. 17-5211, 2019 WL 95473, at *8 (E.D. Pa. Jan. 3, 2019) (stating that "'an employee working on a 10,001 pound vehicle two days a week and a 5000 pound vehicle the remaining days of the week appears to [fall outside the MCA Exemption]'" (quoting Mayan v. Rydborn Express, Inc., Civ. A. No. 07-2658, 2009 WL 3152136, at *9 (E.D. Pa. Sep. 30, 2009))). In addition, even where a motor carrier employee works exclusively on vehicles weighing more than 10,000 pounds, the other requirements for the MCA Exemption make clear that the exemption only applies where (1) the motor carrier employer is subject to the Department of Transportation's jurisdiction; and (2) the employee is "a member of a class of employees that 'engage[s] in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce within the meaning of the [MCA].'" Resch v. Krapf's Coaches, Inc., 785 F.3d 869, 872 (3d Cir. 2015) (quoting 29 C.F.R. § 782.2(a)) (alterations in original).

Significantly for our purposes, the MCA exemption is an affirmative defense to a claim under the FLSA. Mazzarella v. Fast Rig Support, LLC, 115 F. Supp. 3d 500, 504 (M.D. Pa. 2015) (citing Buckley v. Kinder, Civ. A. No. 12-7069, 2013 WL 941562, at *1 (D.N.J. Mar. 6, 2013)). Thus, the employer bears the burden to prove "plainly and unmistakably" that an employee making an FLSA overtime claim is actually exempt from Section 7 of the FLSA. Resch, 785 F.3d at 872. On a motion to dismiss, the employer defendant must "show that the defense is apparent on the face of the complaint and documents relied on in the complaint." Lupian, 905 F.3d at 130 (quotation and citations omitted); see also Jackson v. Sweet Home Healthcare, Civ. A. No. 16-2353, 2017 WL 1333001, at *2 (E.D. Pa. April 5, 2017) ("Courts have uniformly held that unless

7

it is apparent from the face of the complaint that an FLSA exemption applies, granting a motion to dismiss based on an exemption affirmative defense is inappropriate." (citations omitted)).

Here, Defendant asserts that it is apparent from the face of the Complaint that Plaintiffs' FLSA and PWMA claims are barred by the MCA Exemption. Specifically, Defendant contends that it is plain from the Complaint's allegations that (1) it is subject to the Department of Transportation's jurisdiction, (2) the named Plaintiffs were engaged in activities affecting the safe operation of motor vehicles in interstate commerce, and (3) the named Plaintiffs drove vehicles that were heavier than 10,000 pounds. In opposition, Plaintiffs argue that it is not apparent on the face of the Complaint that their activities involved the operation of motor vehicles in interstate commerce or that they regularly drove vehicles that were 10,001 pounds or heavier. Plaintiffs therefore maintain that application of the MCA Exemption is not "manifest in the [C]omplaint itself" and that we should thus deny the Motion to Dismiss insofar as it relies on the MCA Exemption. Lupian, 905 F.3d at 130-31 (quotation omitted).

We need not address all of the requirements for application of the MCA Exemption at this time because Defendant's failure to show that just one of those requirements is apparent on the face of the Complaint is grounds on which to deny the Motion with regard to the MCA Exemption argument. Defendant argues that the fact that the named Plaintiffs drove vehicles weighing more than 10,000 pounds is manifest in the Complaint because the Complaint alleges that the Plaintiffs drove or worked in "brown delivery truck[s]." (Compl. ¶¶ 8, 14, 20.) However, the Complaint contains no allegations concerning the weight of the "brown delivery trucks" or the percentage of Plaintiffs' time spent in vehicles weighing more than 10,000 pounds versus lighter vehicles. We therefore conclude that this requirement for application of the MCA Exemption is not manifest on the face of the Complaint.

Defendant appears to argue in the alternative that allegations concerning the weight requirement need not be manifest on the face of the Complaint because it is Plaintiffs' burden to prove the weight of vehicles under the Corrections Act. See Carley v. Crest Pumping Techs., L.L.C., 890 F.3d 575, 580 (5th Cir. 2019). However, as we discussed above, a plaintiff need not anticipate the application of an affirmative defense in its complaint. See Sweda v. Univ. of Pa., 923 F.3d 320, 331 n.6 (3d Cir. 2019) (stating that an affirmative defense is "generally not part of a court's consideration of a motion to dismiss under Rule 12(b)(6), except where the defense has been anticipated by a plaintiff's complaint" (citation omitted)); see also Arrington, 2016 WL 5899925, at *5. Consequently, we will not dismiss Plaintiffs' claims because they failed to anticipate the application of the defense and allege the weight of their vehicles in the Complaint. Accordingly, we deny Defendant's Motion insofar as it seeks dismissal of the FLSA and PWMA claims based on the MCA Exemption.[3]

**B.    WPCL**

Defendant argues that we should dismiss the WPCL claim asserted by Szewczyk and Dones-Cruz in Count IV, because the claim is based on a Collective Bargaining Agreement ("CBA"), and any claim that is based on a CBA is preempted by Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. In support of its assertion that the claim is based on a CBA, Defendant notes that a WPCL claim must be grounded on a contract between the parties, and that the Complaint fails to plausibly allege that Defendant and these two Plaintiffs were parties to an employment contract other than a CBA.

---

[3] Defendant requests in a footnote to their Memorandum that if we deny their Motion to Dismiss in this regard, we should consider limiting the parties initial discovery to the threshold issue of application of the MCA Exemption. Defendant may, of course, request bifurcated discovery at our initial scheduling conference pursuant to Federal Rule of Civil Procedure 16, which is the appropriate time to make such a request.

The WPCL does not establish any substantive rights; it simply provides a statutory remedy for an employee "when the employer breaches a contractual obligation to pay earned wages." Weldon v. Kraft, Inc., 896 F.2d 793, 801 (3d Cir. 1990); see also Rosario v. First Student Mgmt., LLC, 247 F. Supp. 3d 560, 567 (E.D. Pa. 2017) (citations omitted). When a party asserts a WPCL claim, "'[t]he contract between the parties governs in determining whether specific wages are earned.'" Rosario, 247 F. Supp. 3d. at 568 (quoting Antol v. Esposito, 100 F.3d 1111, 1117 (3d Cir. 1996)). Thus, in order to state a WPCL claim upon which relief can be granted, a plaintiff must allege the existence of a contract that entitles him or her to the claimed wages. Id.

Here, the Complaint alleges that Plaintiffs never signed a written agreement outlining the terms of their employment and that, instead, Defendant set the hourly rate for their wages pursuant to a CBA that Defendant had entered into with Plaintiffs' union. (Compl. ¶¶ 78, 187.)[4] With respect to wages, the CBA provides in pertinent part that:

> All employees . . . shall be paid for all time spent in service of the Employer. Rates of pay provided for by this Agreement shall be minimums. Time shall be computed from the time that the employee is ordered to report for work and registers in and until the employee is effectively released from duty. . . . The Employer will not allow employees to work prior to their start time without appropriate compensation.

(Defs.' Mem. in Supp. of Mot. to Dism., Exh. 1, at 46.)[5] The CBA further provides that:

---

[4] The Complaint also alleges that Plaintiffs orally agreed upon the wage rates and other terms and conditions of their employment. (Compl. ¶ 78.) Plaintiffs state in their brief, however, that "[t]hese terms . . . have no bearing on the parties' collective bargaining agreement nor Plaintiffs' entitlement to be paid in accordance with the WPCL." (Pls.' Mem. at 13 n.6.) Accordingly, Plaintiffs do not argue that the oral agreement is the contractual basis of their WPCL claim.

[5] Defendants attach excerpts from the CBA to their Motion to Dismiss, and Plaintiffs do not dispute their authenticity or applicability in this case. Because Plaintiffs' WPCL claim is based on the CBA, and those excerpts are indisputably authentic, we may consider the excerpts from the CBA in connection with the Motion to Dismiss. Mayer, 605 F.3d at 230 (citing Pension Benefit Guar. Corp., 998 F.2d at 1196).

10

> the Employer agrees not to enter into, or attempt to enter into, any agreement or contract with its employees, either individually or collectively or to require or attempt to require employees to sign any document, either individually or collectively, which in any way conflicts with the provisions of this Agreement. Any such Agreement or document shall be null and void.

(Id. at 15.)

"It is a tenet of labor law in the United States that federal law preempts state law claims resting upon the terms of a collective bargaining agreement." Hughes v. United Parcel Service, Inc., Civ. A. No. 14-3822, 2015 WL 1021312, at *4 (E.D. Pa. Mar. 6, 2015). Indeed, "when resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 claim or dismissed as pre-empted by federal labor-contract law." Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 216 (1985) (internal citation omitted); 29 U.S.C. § 185(a) (granting federal courts jurisdiction over actions for breach of contract based on a CBA). Thus, "[i]n general, claims based squarely on a collective bargaining agreement or requiring analysis of its terms are preempted by section 301 [of the LMRA]." Antol, 100 F.3d at 1117 (citations omitted). Applying these principles, courts have held that WPCL claims that are "based squarely on the terms of [a] collective bargaining agreement" are preempted by section 301. See Wheeler v. Graco Trucking Corp., 985 F.2d 108, 113 (3d Cir. 1993); Townsend v. BC Natural Chicken LLC, Civ. A. No. 06-4317, 2007 WL 442386, at *5 (E.D. Pa. Feb. 2, 2007) (holding that WPCL claim is completely preempted by § 301 of the LMRA where "alleged [contractual] obligations have been created by a collective-bargaining agreement").

Plaintiffs argue that their WPCL claim is not preempted by federal law because it is, at its core, based on the WPCL not the CBA, and the CBA is only relevant to determine the pay rate for purposes of computing damages. However, as explained above, the WPCL does not establish any

substantive rights; it simply provides a statutory remedy for breach of an employment contract. Thus, "the CBA is not ancillary to Plaintiffs' [WPCL] claim[]; rather, the CBA is at the heart of [the] cause of action." Hughes, 2015 WL 1021312, at *4. Indeed, the WPCL claim is "entirely dependent upon an analysis and interpretation of the terms of the CBA." Id. at *5. Moreover, the cases on which Plaintiffs rely in arguing that the CBA is only relevant to determine the pay rate for ascertaining damages are factually distinguishable from the instant case as they did not involve the WPCL but, rather, involved state statutes that independently established substantive rights. See Livadas v. Bradshaw, 512 U.S. 107, 121-25 (1994) (finding that LMRA law did not preempt claim under a California statute that required employers to pay all wages due immediately upon an employee's discharge in spite of existence of CBA); N.J. Carpenters v. Tishman Constr. Corp. of N.J., 760 F.3d 297, 305-06 (3d Cir. 2014) (finding that LMRA did not preempt substantive claim under N.J. Prevailing Wage Act, which requires that employees engaged in public work be paid a defined prevailing wage, explaining that claim exists independently of operative CBA); Glatt v. Crozer-Keystone Health Sys., 645 F. Supp. 2d 446, 449-51 (E.D. Pa. 2009) (finding that federal law did not preempt claim under the PMWA, which requires overtime pay for hours in excess of 40 in a workweek, in spite of existence of CBA). We therefore reject Plaintiffs' argument that the CBA is only of limited relevance in this case.

In sum, in this case, Plaintiffs' WPCL claim is preempted by the LMRA because the claim is "entirely dependent upon an analysis and interpretation of the terms of the CBA." Hughes, 2015 WL 1021312, at *5. We therefore grant Defendant's Motion to Dismiss insofar as it seeks dismissal of the WPCL claim in Count IV on that basis.

## C. Retaliation Claim

Defendant argues that we should dismiss Szewczyk's FLSA retaliation claim because the Complaint does not plausibly allege the elements of a prima facie case. "'To state a prima facie case of retaliatory discrimination under the FLSA, a plaintiff must plead that (1) the plaintiff engaged in protected activity, (2) the employer took an adverse employment action against him, and (3) there was a causal link between the plaintiff's protected action and employer's adverse action.'" Bedolla v. Brandolini, Civ. A. No. 18-146, 2018 WL 2291117, at *3 (E.D. Pa. May 18, 2018) (quoting Jones v. Amerihealth Caritas, 95 F. Supp. 3d 807, 813 (E.D. Pa. 2015)) (additional citation omitted). "[P]rotected activity includes 'fil[ing] any complaint or institute[ing] or caus[ing] to be instituted any proceeding under or related to [the FLSA].'" Id. (second, third, fourth, and fifth alterations in original) (quoting Jones, 95 F. Supp. 3d at 814). "[A] formal written complaint is not required; rather, an informal oral complaint made by an employee to a supervisor constitutes protected activity within the meaning of the statute." Id. (citing Kasten v. Saint-Gobain Performance Plastics, 563 U.S. 1, 17 (2011)). Nevertheless, the "'complaint must be sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights and a call for their protection.'" Id. (quoting Kasten, 563 U.S. at 14). In other words, the complaint must have enough clarity that a "'reasonable, objective person would have understood the employee to have put the employer on notice of an assertion of rights.'" Id. (quoting Kasten, 563 U.S. at 14).

Defendant argues that the Complaint fails to state a retaliation claim upon which relief can be granted because it does not allege any protected activity or any adverse action as a result of such activity. The Complaint alleges that Szewczyk "approached his manager and requested that Defendant pay him the compensation that he was owed for working off-the-clock." (Compl. ¶

13

107.) It further alleges that Szewczyk's manager did not remedy the situation and, shortly thereafter, Szewczyk was reassigned to work in a less desirable position with a decrease in his pay. (Id. ¶¶ 108-09.) When Szewczyk objected to his reassignment, his manager presented him with an ultimatum—take the lesser position or be fired. (Id. ¶ 110.) Szewczyk was told that his reassignment was due to unsafe driving, but Szewczyk alleges that it was retaliation for his verbal complaint. (Id. ¶¶ 109, 111.) As a direct result of Defendant's retaliation, Szewczyk resigned from his employment in August 2018. (Id. ¶¶ 7, 110.)

Plaintiff maintains that he has plausibly alleged protected activity because a "'reasonable, objective person would have understood'" his request that he be paid "compensation that he was owed for working off-the-clock" to be as an assertion of his rights under the FLSA. Bedolla, 2018 WL 2291117, at *3 (quoting Kasten 563 U.S. at 14); (Compl. ¶ 107). However, "'[t]he FLSA establishes federal minimum-wage, maximum-hour, and overtime guarantees . . . .'" Davis v. Abington Memorial Hosp. 765 F.3d 236, 242 (3d Cir. 2014) (quoting Genesis Healthcare Corp. v. Symczyk, 569 U.S. 66, 69 (2013)). "Courts widely agree that there is no cause of action under the FLSA for 'pure' gap time wages," which are wages for "non-overtime hours worked for which an employee is not compensated." Davis, 765 F.2d at 244 (citations omitted); id. ("[G]ap time claims – straight time wages for unpaid work during pay periods without overtime – are not cognizable under the FLSA, which requires payment of minimum wages and overtime wages only." (citing 29 U.S.C. §§ 201-19)). Where, as here, the Complaint alleges only that Szewczyk complained to his manager that he was not paid for all hours worked and does not allege that he complained that he did not receive overtime that he was due or that he was not paid minimum wage, no reasonable, objective person could have understood him to be asserting rights under the FLSA. We therefore conclude that the Complaint does not plausibly allege protected activity and,

14

thus, does not allege an FSLA retaliation claim upon which relief can be granted. We grant Defendant's Motion to Dismiss Szewczyk's FLSA retaliation claim on that basis.

### D. Personal Jurisdiction

Defendant argues that Rucker's FLSA overtime claim in Count II is subject to dismissal pursuant to Rule 12(b)(2) for lack of personal jurisdiction. "[A] District Court typically exercises personal jurisdiction according to the law of the state where it sits." O'Connor v. Sandy Lane Hotel Co., 496 F.3d 312, 316 (3d Cir. 2007) (citing Fed. R. Civ. P. 4(k)(1)(A)); see also Fed. R. Civ. P. 4(k)(1). "Pennsylvania's long-arm statute permits courts to exercise personal jurisdiction over nonresident defendants 'to the fullest extent allowed under the Constitution of the United States' and 'based on the most minimum contact with this Commonwealth allowed under the Constitution.'" Ackourey v. Sonellas Custom Tailors, 573 F. App'x 208, 211 (3d Cir. 2014) (quoting 42 Pa. Cons. Stat. Ann. § 5322(b)). "Accordingly, in determining whether personal jurisdiction exists, we ask whether, under the Due Process Clause, the defendant has 'certain minimum contacts with . . . [Pennsylvania] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" O'Connor, 496 F.3d at 316-17 (alterations in original) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

Personal jurisdiction over a defendant can be either general or specific. Bristol-Meyers Squibb Co. v. Superior Court, 137 S. Ct. 1773, 1779-80 (2017) (citing Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011)). General jurisdiction exists when the defendant's contacts with the forum state are "continuous and substantial." Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n, 819 F.2d 434, 437 (3d Cir. 1987) (citations omitted); Gehling v. St. George's Sch. of Med., 773 F.2d 539, 541 (3d Cir. 1985). Specific jurisdiction exists if a claim is related to or arises out of a non-resident defendant's contacts with the forum.

15

See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 n.8 (1984). Put another way, "[s]pecific jurisdiction is established when a nonresident defendant has 'purposefully directed' his activities at a resident of the forum and the injury arises from or is related to those activities." Gen. Elec. Co. v. Deutz AG, 270 F.3d 144, 150 (3d Cir. 2001) (citations omitted); see also Bristol-Meyers Squibb, 137 S. Ct. at 1781 ("In order for a court to exercise specific jurisdiction over a claim, there must be an 'affiliation between the form and the underlying controversy, principally, [an] activity or occurrence that takes place in the forum State.'" (alteration in original) (quoting Goodyear, 564 U.S. at 919)).

Here, Defendant argues that, based on the allegations of the Complaint, it is plain that this court has neither specific nor general jurisdiction over it in connection with Rucker's FLSA claim. It maintains that it is not subject to general jurisdiction in Pennsylvania because it is neither incorporated in Pennsylvania nor has its principal place of business here and, rather, as the Complaint alleges, it is incorporated in Delaware and has its headquarters in Georgia. (Compl. ¶ 24.) It also argues that it is not subject to specific jurisdiction in Pennsylvania with regard to Rucker's claim, because the Complaint alleges that Rucker worked for Defendant in Virginia and resides in Maryland, and asserts a claim for wages that does not involve any conduct by Defendant in Pennsylvania. (See Compl. ¶¶ 19-20.)

Plaintiffs have not attempted to prove, by "sworn affidavits or other competent evidence," any facts that would support our exercise of general or specific personal jurisdiction over Defendant in connection with Rucker's FLSA claim. North Penn Gas Co., 897 F.2d at 689 (citation omitted). Rather, Plaintiffs argue in response to Defendant's jurisdictional argument that a nationwide FLSA collective action claim may be brought in any federal court of competent jurisdiction and is not subject to the restrictions of personal jurisdiction. They rely on § 216(b)

16

of the FLSA, which states that claims may be "maintained . . . in any Federal or State court of competent jurisdiction." 29 U.S.C. § 216(b). However, § 216(b) does not relieve plaintiffs of their obligation to establish personal jurisdiction over a defendant in compliance with constitutional due process principles. To the contrary, a court's exercise of personal jurisdiction must still comport with Pennsylvania's long-arm statute and due process. See, e.g., Aviles v. Kinkle, 978 F.2d 201, 204-05 (5th Cir. 1992) (explaining that a defendant's amenability to personal jurisdiction in an FLSA action case is determined by the forum state's long-arm statute (citations omitted)); Senne v. Kansas City Royals Baseball Corp., 105 F. Supp. 3d 981, 1014 (N.D. Cal. 2015) (applying forum state's long-arm statute in FLSA case to determine whether court has personal jurisdiction over defendant) (citations omitted)).

Moreover, it is well-established that when a single named plaintiff seeks to bring a claim on behalf of a class or collective, that named plaintiff must establish that the court has personal jurisdiction over the defendant with respect to his or her claim. See Chernus v. Logitech, Inc., Civ. A. No. 17-673, 2018 WL 1981481, at *7 (D.N.J. Apr. 27, 2018) (noting that "cases [have] universally held that in a putative class action . . . courts are . . . concerned with the jurisdictional obligations of the named plaintiffs[, while] unnamed class members are irrelevant to the question of specific jurisdiction" (citations omitted)); Casso's Wellness Store & Gym, L.L.C. v. Spectrum Lab. Prods., Inc., No. 17-2161, 2018 WL 1377608, at *5 (E.D. La. Mar. 19, 2018) ("the plaintiff seeking to represent the class is the only plaintiff named in the complaint, and his claims . . . are relevant to the personal jurisdiction inquiry"); Molock v. Whole Foods Market, Inc., 297 F. Supp. 3d 114, 124-26 (D.D.C. 2018) (refusing to exercise specific jurisdiction over claims of two named plaintiffs in putative class action where their individual claims arose from conduct outside the forum), *motion to certify appeal on other grounds granted by* 317 F. Supp. 3d 1 (D.D.C. 2018);

Swamey v. Title Source, Inc., No. C 17-1175, 2017 WL 5196780, at *2 (N.D. Ca. Nov. 10, 2017) (recognizing that sole named plaintiff in FLSA collective action must establish that defendant is subject to personal jurisdiction in the chosen jurisdiction with respect to named plaintiff's claims); Lamb v. Packard Elec. Div. R.M.C., Civ. A. No. 90-4760, 1992 WL 211079, at *1 (E.D. Pa. Aug. 24, 1992) (requiring named plaintiff in putative class action to allege facts to support the court's personal jurisdiction over the defendant); see also 2 W. Rubenstein, Newberg on Class Actions § 6:25, at 165 (5th ed. Supp. June 2019) ("A court must have personal jurisdiction to adjudicate the putative class representative's claim against the defendant just as in any individual case."); id. § 6:26, at 169 ("[O]ccasionally, named plaintiffs have pursued class actions in jurisdictions that lack personal jurisdiction over their claims and they have attempted to establish personal jurisdiction over the defendant based on the absent class members' claims; in that context, courts have held that a plaintiff cannot create personal jurisdiction on the backs of the absent class members." (citations omitted)).

Where, as here, Plaintiffs have made no effort to allege or develop facts that would support our exercise of personal jurisdiction over Defendant in connection with Rucker's FLSA claim, we can only conclude that Plaintiffs have failed to meet their burden of establishing that we have such jurisdiction over Defendant in connection with that claim. Consequently, we grant Defendant's Motion insofar as it seeks dismissal of Count II for lack of personal jurisdiction.

### IV. CONCLUSION

For the foregoing reasons, in accordance with the analyses above, we grant in part and deny in part Defendant's Motion to Dismiss. Specifically, we grant the Motion insofar as it seeks dismissal of Counts II (Rucker's FLSA claim), IV (WPCL claim), and V (Szewczyk's FLSA

retaliation claim), but deny it insofar as it seeks to dismiss the FLSA and PMWA claims of Szewczyk and Dones-Cruz in Counts I and III.   An appropriate Order follows.

BY THE COURT:

/s/ John R. Padova, J.

John R. Padova, J.