# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

TODD SZEWCZYK, et al.,

                    Plaintiffs,

         v.                                                      Case No. 2:19-cv-01109-JP

UNITED PARCEL SERVICE, INC.,

                    Defendant.

---

**SETTLEMENT AGREEMENT AND RELEASE**

Plaintiffs Todd Szewczyk, Juan Dones-Cruz, and Kimberly Rucker and Defendant United Parcel Service, Inc. hereby STIPULATE and AGREE as follows:

1.        _Definitions_.  The following terms will have the following meanings:

*"Action"* means the above-captioned lawsuit:  _Szewczyk et al. v. United Parcel Service, Inc.,_ Case No. 2:19-cv-01109-JP (E.D. Pa).

*"Agreement"* means this "Confidential Settlement Agreement and Release."

*"Approval Date"* means the later date on which the Court enters an order approving the Settlement as fair, reasonable and adequate and the Action is dismissed with prejudice.

*"Approval Motion"* means the unopposed motion to be filed by Plaintiffs' Counsel requesting that the Court enter an order approving the Settlement as fair, reasonable and adequate and dismissing the Action with prejudice.

*"Court"* means the United States District Court for the Eastern District of Pennsylvania.

*"Defendant"* means United Parcel Service, Inc., an Ohio corporation.

*"Defense Counsel"* means Alston & Bird, LLP and Bennett, Bricklin & Saltzburg LLC.

*"Individual Payment Amount"* means that portion of the total Payout Amount that each Plaintiff will receive in consideration of his or her executing this Agreement and agreement to the Settlement, including but not limited to the Release set forth in Section 3 below.

*"Parties"* refers jointly to all Plaintiffs and Defendant.

*"Payout Amount"* means a lump sum of Forty-Five Thousand Dollars and No Cents ($45,000.00).  Plaintiffs represent that this amount will be apportioned among (a) each Plaintiff to resolve their claims for damages, including unpaid overtime, minimum wages, and liquidated damages in the amounts set forth below; and (b) Plaintiffs' Counsel for attorneys' fees and litigation expenses pursuant to Section 6 below.

| Last Name | First Name | Individual Payment Amount |
|---|---|---|
| Szewczyk | Todd | $7,500.00 |
| Dones-Cruz | Juan | $7,500.00 |
| Rucker | Kimberly | $2,500.00 |

*"Plaintiffs"* means Todd Szewczyk, Juan Dones-Cruz, and Kimberly Rucker.

*"Plaintiffs' Counsel"* means Conway Legal LLC, Levin Sedran & Berman LLP and Bailey & Ehrenberg PPLC.

*"Released Parties"* means Defendant and all of Defendant's parents, affiliates, subsidiaries, predecessors, joint ventures, partners, successors and assigns and, for each such entity, its past and present officers, directors, employees, shareholders, agents, assigns and attorneys.

*"Settlement"* means the terms and conditions described in this Agreement.

2.    <u>Condition Precedent</u>.  This Settlement is conditioned upon the Court's approval and the passage of the Approval Date.

3.      <u>Release</u>.  Upon the passage of the Approval Date and Defendant's fulfillment of its payment obligations under Sections 5-6, each Plaintiff (on behalf of himself or herself and his or her heirs, spouses, executors, assigns, and representatives) hereby expressly and unconditionally waives any appeal from a court order approving this settlement and dismissing the Action with prejudice, and releases and forever discharges the Released Parties from any and all claims and causes of action that have arisen or could have arisen prior to the date of execution of this Agreement relating to the termination of each Plaintiff's employment with Defendant and/or all claims for unpaid wages, minimum wages, overtime, back wages, fines, penalties, liquidated damages, compensatory damages, punitive damages, retaliation and attorneys' fees, costs and expenses arising from hours worked or services provided as an employee of Defendant or any other Released Party, whether under the Fair Labor Standards Act, the Pennsylvania Minimum Wage Act, the Pennsylvania Wage Payment and Collection Law or any other federal or state statute, regulation or common law.  Each Plaintiff specifically releases Defendant and all of the Released Parties from any and all claims or causes of action for the fees, costs, or expenses of any and all attorneys who have at any time or are now representing any of the Plaintiffs in connection with their claims for alleged unpaid wages, this Release, and/or in connection with any matters released in this Release.

4.      <u>Protected Rights</u>.  Plaintiffs understand that nothing contained in this Agreement limits their ability to file a charge or complaint with the Equal Employment Opportunity Commission, the National Labor Relations Board, or any other federal, state or local governmental agency or commission ("Government Agencies").  Plaintiffs further understand that this Agreement does not limit their ability to communicate with any Government Agencies or otherwise participate in any investigation or proceeding that may be conducted by any Government

Agencies in connection with any charge or complaint, whether filed by Plaintiffs, on their behalf, or by any other individual.  However, based on Plaintiffs' release of claims set forth in Section 3 of this Agreement, Plaintiffs understand that they are releasing all claims that they may have as well as, to the extent permitted by applicable law, their right to recover monetary damages or obtain other relief that is personal to Plaintiffs in connection with any claim they are releasing under this Agreement.

     5.    <u>Payment to Plaintiffs</u>.  Within twenty (20) business days after the Approval Date, Defendant will mail to Plaintiffs' Counsel the following checks for each Plaintiff (a) a payroll check in the amount of one-half of his or her Individual Payment Amount, less Plaintiff's share of all required and applicable federal, state and local tax deductions and withholdings, which represents settlement of any wage-related claim; and (b) a non-payroll check in the amount of one-half of his or her Individual Payment Amount, which shall not be subject to withholdings, and which represents settlement of any claims for liquidated damages, compensatory damages, and/or attorneys' fees.  Defendant shall be responsible for payment of their share of all required and applicable federal, state and local taxes.  Defendant will deliver the checks to Plaintiffs' Counsel for distribution to each Plaintiff.[1]  Defendant will issue and mail to each Plaintiff (i) a 2020 IRS Form W-2 reflecting that portion of his or her Individual Payment Amount deemed wages and subject to withholdings; (ii) a 2020 IRS Form 1099 reflecting that portion of his or her Individual Payment Amount deemed liquidated damages and not subject to withholdings; and (iii) a 2020 IRS Form 1099 reflecting that portion of the Payout Amount that was paid to his or her attorneys as described in Section 6 below.  If any check remains uncashed 180 days after the Approval Date,

---

[1]    Defendant's mailing of the checks to Plaintiffs' Counsel within twenty (20) business days is expressly conditioned on Plaintiffs' Counsel providing Defense Counsel with the social security number and most up-to-date address for each Plaintiff prior to the Approval Date.

Defendant may issue a stop payment on the check and retain all associated funds.  In the event of a stop payment after 180 days, Plaintiffs agree that Defendant will have fulfilled its payment obligations under this section.  Plaintiffs acknowledge and agree that they are responsible for and agree to pay the employee share of all federal, state and local taxes, withholdings, fines, penalties and interest associated with the payment of the Individual Payment Amount issued to them.  In the event that Defendant is required to pay any such federal, state or local taxes, withholdings, fines, penalties or interest associated with the payment of the Individual Payment Amounts (beyond its share of all required and applicable federal, state and local taxes), Plaintiffs agree to hold harmless and indemnify Defendant in full for all such federal, state or local taxes, withholdings, fines, penalties or interest incurred by the Defendant. Plaintiffs specifically agree that Defendant and the Released Parties have not made any representations, or given any advice, about the tax consequences of this settlement.

6.  <u>Payment of Plaintiffs' Counsel's Fees and Expenses</u>.  Defendant will pay Plaintiffs' Counsel's fees and expenses in the amount of $27,500.00 Dollars.  The Settlement is *not* contingent upon the Court's approval of this amount.  Within twenty (20) business days of the Approval Date, Defendant will mail to Plaintiffs' Counsel a check made payable to Conway Legal, LLC, which represents settlement of any and all claim Plaintiff may have or claim to have for any costs or attorneys' fees.[2]  Defendant will issue to  Conway Legal, LLC a 2020 IRS Form 1099 reflecting this payment.  Plaintiffs' Counsel acknowledge and agree that they are responsible for and agree to pay all federal, state and local taxes, withholdings, fines, penalties and interest associated with the payment described in this Section 6, and agree to indemnify Defendant against any claim that

---

[2]  Defendant's mailing of the check to Plaintiffs' Counsel within twenty (20) business days is expressly conditioned on Plaintiffs' Counsel providing Defense Counsel with its most up-to-date address and tax identification number.

such taxes were not paid.  Defendant shall be responsible for its share, if any, of all required federal, state or local taxes, withholdings, fines, penalties or interest associated with the payment described in this Section 6.

7.      Confidentiality.  Plaintiffs understand and agree that, except as required by law and to obtain Court approval of the settlement of the Action, the terms of this Settlement shall be kept completely confidential.  Plaintiffs agree not to discuss, disclose or reveal the terms of this Settlement, directly or indirectly, to any person, corporation or entity, other than a spouse, life partner, or legal, religious or tax advisor, all of whom (prior to disclosure) shall likewise agree to maintain the confidentiality of this Settlement; provided, however, that nothing contained in this Agreement should be construed to prohibit or limit Plaintiffs from disclosing the terms, amount or existence of this Agreement (a) to the extent necessary to enforce this Agreement; (b) in response to a lawful subpoena, court order or other legal process; or (c) in connection with the exercise of the protected rights described in Section 4 above.

8.      No Reemployment.  Plaintiffs agree that by signing this Agreement they relinquish any right to employment or reemployment with Defendant or any Released Party.  Plaintiffs agree that they will not seek, apply for, accept or otherwise pursue employment with Defendant or any Released Party, and acknowledge that if they reapply for or seek employment with Defendant or any Released Party, the refusal to hire Plaintiffs based on this Section 8 shall provide a complete defense to any claims arising from Plaintiffs' attempt to obtain employment.

9.      Sealed Filing.  In order to maintain the confidentiality of this Settlement, Defendant requests that this Agreement be filed under seal in support of the approval of this settlement. Plaintiffs do not oppose Defendant's request.  Therefore, upon Plaintiffs' filing of their unopposed motion to approve the Settlement, Defendant shall file a motion for leave to file the Agreement

under seal and shall file the Agreement as a proposed sealed document.  However, the Agreement will remain in effect regardless of whether the Court allows the Agreement to be filed under seal.

10.    <u>Entire Agreement</u>.  This Agreement embodies the entire agreement between the Parties and controls over any prior communications.  In entering into the Settlement, no Party has relied on any representations not explicitly contained in this Agreement.

11.    <u>Successors</u>.  The Settlement and this Agreement will inure to the benefit of and be binding upon the Parties' heirs and successors.

12.    <u>No Admissions</u>.  Nothing in this Agreement constitutes an admission or suggestion of liability by any Party.  Defendant denies any wrongdoing and continues to assert that, absent this Settlement, it ultimately would prevail in the Action.

13.    <u>Court Approval Not Obtained</u>.  If the Court does not approve the Settlement, the Parties' litigation positions will return to the *status quo ante* and, for example, Defendant will not have waived, compromised or impacted any objections or defenses to Plaintiffs' claims or the propriety of collective litigation.  The Parties will promptly attempt to address any concerns raised by the Court and resubmit a revised settlement agreement, if possible.

14.    <u>Duty to Defend</u>.  The Parties and their counsel will support the Agreement against any legal challenge.

15.    <u>Applicable Law</u>.  This Agreement is governed and construed pursuant to Pennsylvania law, without regard to any conflicts of laws principles.

16.    <u>Written Modifications</u>. This Agreement may not be modified except by a written agreement signed by all Parties and approved by the Court.

17.    <u>Execution</u>.  This Agreement may be executed in counterparts that, taken together, will constitute the entire Agreement.

IN WITNESS WHEREOF, and intending to be legally bound, the Parties execute this Agreement on the dates indicated below:

PLAINTIFFS

By: _Todd Szewczyk_

Todd Szewczyk

Date: 2/27/2020

By: _____

Juan Dones-Cruz

Date: _____

By: _____

Kimberly Rucker

Date: _____

DEFENDANT UNITED PARCEL SERVICE, INC.

By: _Emily S. Johnson_

[Name]   Emily S. Johnson
[Position]   Vice President

Date: 3/2/20

8

IN WITNESS WHEREOF, and intending to be legally bound, the Parties execute this Agreement on the dates indicated below:

PLAINTIFFS

DEFENDANT UNITED PARCEL SERVICE, INC.

By: _____
Todd Szewczyk

By: _Emily S. Johnson_
[Name] Emily S. Johnson
[Position] Vice President

Date: _____

Date: _3/2/20_

By: _____
Juan Dones-Cruz

Date: 2/27/2020

By: _____
Kimberly Rucker

Date: _____

8

IN WITNESS WHEREOF, and intending to be legally bound, the Parties execute this Agreement on the dates indicated below:

PLAINTIFFS

By: _____
Todd Szewczyk

Date: _____

By: _____
Juan Dones-Cruz

Date: _____

By: _Kimberly Rucker_
DocuSigned by:
9C63A5C3F404428...
Kimberly Rucker

Date: 2/27/2020

DEFENDANT UNITED PARCEL SERVICE, INC.

By: _Emily S. Johnson_
[Name] Emily S. Johnson
[Position] Vice President

Date: 3/2/20

8